## STEIN ET AL., DOING BUSINESS UNDER THE FIRM NAME OF STEIN, HALL & COMPANY, ETC. *v.* TIP-TOP BAKING COMPANY.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF KENTUCKY.

No. 177. Submitted January 14, 1925.—Decided March 2, 1925.

In an action in the District Court between citizens of different states wherein plaintiff seeks to recover the agreed price of goods which defendant agreed to buy but refused to accept, and where plaintiff alleges that upon defendant's refusal plaintiff rescinded the contract and, in his own right, retook the goods, which then had no value and could not be sold, and a year later, when they had acquired value, resold them as his own to a third person for a price alleged, the price received at the resale is not to be deducted from the plaintiff's demand in determining whether the jurisdictional amount is in controversy. P. 227.

Reversed.

ERROR to a judgment of the District Court dismissing an action on contract for want of jurisdiction.

*Mr. Charles Carroll* for plaintiffs in error. *Mr. Sigmund W. David, Mr. W. S. Hefferan, Jr.,* and *Mr. Richard Priest Dietzman* were also on the brief.

*Mr. Allen P. Dodd* for defendant in error. *Mr. George Du Relle* was also on the brief.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action to recover damages for breach of a contract to purchase 80,000 pounds of Badex, a foodstuff. The defendant demurred because, as it alleged, the petition showed that the amount in controversy, exclusive of interest and costs, did not exceed the sum of three thousand dollars, and the action was dismissed by the District Court on that ground. Judicial Code, § 24. The case comes here on that single question, as determining the jurisdiction of the District Court.

The material allegations are that the agreed price was $5800; that at the time of the breach no price could be got for the goods and that they had no value then in the market or elsewhere; that upon the breach the plaintiffs took possession of them as their own, and that nearly a year later they sold the same as their own to third persons for $4521.95, but it is expressly denied that the plaintiffs sold on behalf of the defendant. The position of the defendant is that the price realized, even if diminished by transportation charges of $620.45, must be deducted from the contract price and leaves less than $3000. We presume that the District Court took the same view, although its opinion referred to in the judgment is not printed, as it should have been. Rule 8. But obviously the plaintiffs have a claim that can not be dismissed as absurd, and on which they are entitled to the judgment of the Court. Their allegations are that on the unjustified refusal of the defendant to accept the Badex they rescinded the transaction, and they argue that when they did so their rights against the defendant became fixed and that what they may have done a year afterwards was wholly their own affair. The cases where instead of rescinding the seller sells for the buyer's account have no application. The breach of contract occurred in Louisville, Kentucky, where possibly the contract was made. If the case is governed

by the law of that State, as to which it would be premature to express an opinion, we infer that the plaintiffs' argument probably would be regarded as correct. *Zinsmeister* v. *Rock Island Canning Co.,* 145 Ky. 25, 31. See further *Dustan* v. *McAndrew,* 44 N. Y. 72, 78; *Van Brocklen* v. *Smeallie,* 140 N. Y. 70, 75. At all events the plaintiffs are entitled to try their case.

*Judgment reversed.*