GENERAL INVESTMENT COMPANY *v.* NEW YORK CENTRAL RAILROAD COMPANY.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO.

No. 274. Argued April 27, 1926.—Decided May 24, 1926.

1. A bill by a minority stockholder against a railroad company alleging domination by the defendant, through stock ownership, of parallel and competing railroads engaged in interstate commerce, charging continuous violations, therein, of the Sherman and Clayton Acts, alleging resulting injury to plaintiff and other shareholders, and praying an injunction, *held* a suit arising under the laws of the United States and within the jurisdiction of the District Court. P. 230.

2. The court again points out the difference between jurisdiction on the one hand, and lack of merit or of capacity to sue, on the other, as a ground for dismissing a suit. *Id.*

Reversed.

APPEAL from a decree of the District Court dismissing a suit for want of jurisdiction.

*Mr. Frederick A. Henry* for appellant.

*Mr. S. H. West* for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is a suit in equity brought by a minority stockholder against the New York Central Railroad Company

to enjoin it from dominating and controlling, through stock ownership, certain other railroad companies. There are various prayers in the bill, but all make for the attainment of the object just stated.

The suit was begun in the District Court of the United States for the Northern District of Ohio, June 20, 1924. Federal jurisdiction was invoked on the grounds that the parties are citizens of different States—the plaintiff a Maine corporation and the defendant a corporation of Ohio and States other than Maine—and that the suit is one arising under the laws of the United States—there being also a showing that the value involved is adequate.

Shortly described, the bill charges that the defendant was organized pursuant to a consolidation agreement between the New York Central & Hudson River Railroad Company, the Lake Shore & Michigan Southern Railway Company and nine companies subsidiary to them; that the agreement was made in April, 1914, and carried into effect the following December; that thereby the defendant, besides acquiring the railroad lines of the immediate parties to the agreement, became invested with large amounts of stock in other railroad companies, including the Michigan Central and Big Four, and was thus enabled to dominate and control them and their subsidiaries; that these other companies have railroad lines which are operated in both interstate and intrastate commerce, and many of their lines are parallel and normally and potentially competing; that during the ten years since the agreement became effective the defendant through its ownership of stock in these other companies has dominated and controlled and is now dominating and controlling their properties and business; and that this stock ownership, domination and control is in violation of the Sherman Anti-Trust Act, c. 647, 26 Stat. 209, of the Clayton Act, c. 323, 38 Stat. 730, and of the laws of Ohio and

other States, wherein the railroads lie, forbidding a common control, through stock ownership or otherwise, of parallel or competing railroads.

The defendant moved to dismiss the bill on various grounds, and the court after a hearing on the motion entered a decree of dismissal. Afterwards and in due time the court granted a certificate stating that the dismissal was for want of jurisdiction of the subject matter and allowed a direct appeal to this Court under § 238 of the Judicial Code, which at that time permitted such an appeal where the jurisdiction of the District Court was in issue, but required the jurisdictional question to be certified and limited the review to the ruling on that question.

In the bill, as we have shown, the plaintiff attempts with much detail to set forth a continuing violation of the Sherman Anti-Trust Act and the Clayton Act, asserts that this violation unless restrained will be injurious to the plaintiff and other stockholders and prays for relief by injunction. Such a suit is essentially one arising under the laws of the United States, and, as the requisite value is involved, is one of which the District Courts are given jurisdiction. By jurisdiction we mean power to entertain the suit, consider the merits and render a binding decision thereon; and by merits we mean the various elements which enter into or qualify the plaintiff's right to the relief sought. There may be jurisdiction and yet an absence of merits (*The Fair* v. *Kohler Die Co.*, 228 U. S. 22, 25; *Geneva Furniture Co.* v. *Karpen*, 238 U. S. 254, 258,) as where the plaintiff seeks preventive relief against a threatened violation of law of which he has no right to complain, either because it will not injure him or because the right to invoke such relief is lodged exclusively in an agency charged with the duty of representing the public in the matter. Whether a plaintiff seeking such relief has the requisite standing is a question going to the

merits, and its determination is an exercise of jurisdiction. *Illinois Central R. R. Co.* v. *Adams*, 180 U. S. 28, 34; *Venner* v. *Great Northern Ry. Co.*, 209 U. S. 24, 34. If it be resolved against him, the appropriate decree is a dismissal for want of merits, not for want of jurisdiction.

A week or two before entering the decree of dismissal the court considered the motion to dismiss in a carefully prepared memorandum found in the record. What was said in it shows that the court was then of opinion, first, that in view of §§ 4 and 7 of the Sherman Anti-Trust Act, of §§ 7, 8, 11 and 16 of the Clayton Act, and § 5(2) of the Interstate Commerce Act as amended by § 407 of the Transportation Act, c. 91, 41 Stat. 480, the plaintiff, as a private litigant, was without capacity or right to maintain the bill in respect of the alleged restraint of interstate commerce, because the right to maintain such a bill against railroad carriers was lodged exclusively in others who are charged with guarding the public interest; and, secondly, that the interstate and intrastate business of the carriers affected are so inextricably interwoven that it would be impossible to award any relief reaching their intrastate business without equally affecting their interstate business, and therefore to permit the plaintiff to maintain the bill in respect of the alleged violation of state laws would be indirectly permitting a private litigant to do what in effect is prohibited by federal law.

The questions considered in the memorandum pertain to the merits, not to jurisdiction; and if the memorandum were definitive of the grounds on which the court proceeded we should regard the bill as dismissed on the merits. But as the decree was entered a week or two later and the court expressly certified that the dismissal was for want of jurisdiction of the subject matter, we have given effect to the certificate and have examined the question certified. Our conclusion is that the court had

jurisdiction of the subject matter and therefore that the decree of dismissal was put on an untenable ground.

*Decree reversed.*

MR. JUSTICE SUTHERLAND did not participate in the consideration or decision of this case.