### DYER et al. v. STAUFFER, Marshal.

Circuit Court of Appeals, Sixth Circuit. June 8, 1927.

No. 4660.

1. **Creditor's suit ⬤▭1—Court of equity has jurisdiction of creditors' bill, where relief sought is of equitable character and parties are in court.**

Court of equity has jurisdiction of creditors' bill, if the relief sought is of an equitable character and parties against whom it is sought are in court.

2. **Courts ⬤▭40—Action of court of equity in proceeding with creditors' bill without necessary parties or lacking prescribed conditions is not void.**

If court of equity proceeds to hear creditors' bill without necessary parties or lacking prescribed conditions, its action is erroneous, but not void.

3. **Courts ⬤▭1—"Jurisdiction" means power to entertain suit, consider merits, and render binding decision, and "merits" means the various elements entering into or qualifying plaintiff's right.**

"Jurisdiction" means power to entertain suit, consider merits, and render binding decision, and "merits" means the various elements which enter into or qualify plaintiff's right to relief sought.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by Elmer C. Dyer and others against George A. Stauffer, as Marshal, etc. Decree of dismissal, and complainants appeal. Affirmed.

Herbert W. Nauts, of Washington, D. C., (U. G. Denman, of Toledo, Ohio, on the brief), for appellants.

D. L. Sears, Asst. U. S. Atty., of Toledo, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

PER CURIAM. The United States brought an equity suit in the court below against the stockholders of a defunct corporation, alleging that taxes were due from it, that the defendants had received its assets on distribution, and that they should restore enough to pay these taxes. There were due personal service and, upon default, a decree as prayed. When an execution was levied, the defendants in that suit filed this bill against the United States marshal to enjoin collection. Their claim is that the first decree was invalid, because the bill therein did not show a judgment at law against the corporation, and because the corporation was not made a party defendant. The court below dismissed this present bill. It was in effect, though not so named, a bill of review. The errors alleged being apparent on the face of the record, there can be no relief at this time, unless there had been such a lack of jurisdiction as to make the decree void, and upon such lack of jurisdiction appellant relies.

[1-3] It is often said that a court of equity has no jurisdiction of a creditors' bill, if there was no judgment at law, or if an indispensable party is not on the record. This is not an accurate use of the term. If the relief sought is of an equitable character, and the parties against whom it is sought are in court, it is clear that a court of equity has jurisdiction. Upon objection duly made, sometimes without objection, it should decline to proceed without necessary parties or lacking prescribed conditions; but, if it does proceed, its action is erroneous, not void. The distinctions between lack of jurisdiction and lack of a good case have been pointed out repeatedly, most recently in General Investment Co. v. New York Central, 271 U. S. 228, 230, 46 S. Ct. 496, 70 L. Ed. 920.

The decree is affirmed.