## ROSE v. SAUNDERS et al.

## SAME v. CALAVERAS WATER USERS' ASS'N.

## Nos. 7206, 7207.

Circuit Court of Appeals, Ninth Circuit.

Feb. 28, 1934.

J. M. Mannon, Jr., John T. Pigott, Allan P. Matthew, and Burnham Enersen, all of San Francisco, Cal. (McCutchen, Olney, Mannon & Greene, of San Francisco, Cal., of counsel), for appellant.

Virgil M. Airola, of San Andreas, Cal., William Grant, of San Francisco, Cal., and Stephen W. Downey, of Sacramento, Cal. (Grant & Zimdars, of San Francisco, Cal., and Downey, Brand & Seymour, of Sacramento, Cal., of counsel), for appellees.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

These two actions are identical, except that in case No. 7207 the Calaveras Water Users' Association is the sole defendant, and in case No. 7206 there are 105 defendants. In view of the fact that there is no distinction between the two cases, we will refer to them as one, and to the parties as appellant and appellees, without attempting to distinguish between the two actions.

The suit is in the nature of an action to quiet title by the plaintiff, who claims to be the tenant in common, owning an undivided one-half interest in all the properties described in the complaint. The property, which is described in detail in the complaint, may be briefly described as certain water rights in the North fork of the Stanislaus river in An-

geles creek and in Highland creek, four reservoirs, certain tunnels, conduits, ditches, and hydroelectric power plants, and a municipal distributing plant in the city of Angeles, county of Calaveras. It is alleged that the Hobart Estate Company, a California corporation, owns the other undivided one-half interest in the property, and that the cotenants are in peaceable possession and control of the property; that the properties are used in the public utility service for the generation and distribution of electricity and the furnishing and supplying of water for domestic use; that the defendants claim adversely to plaintiff some right, title, estate, or interest in the properties described; and that the exact nature of the claim is unknown. The defendants moved to dismiss the bill on the ground that the Hobart Estate Company, plaintiff's cotenant, is an indispensable party plaintiff, consequently, no diversity of citizenship exists between the necessary plaintiffs and the defendants; that there is an insufficiency of fact to constitute a valid cause of action in equity against the defendants; and that there is a nonjoinder of an indispensable party, to wit, the Hobart Estate Company. The court sustained the motion and dismissed the action without prejudice. The plaintiff appeals.

It has frequently been held that a cotenant can maintain an action to quiet his title in the federal court without joining his cotenant and that the federal court has jurisdiction thereof if there is a diversity of citizenship notwithstanding the fact that if the tenant in common was joined as plaintiff there will be no such diversity of citizenship. This was decided in an opinion written by Chief Justice Marshall in Elmendorf v. Taylor, 10 Wheat. (23 U. S.) 152, 166, 6 L. Ed. 289. The court said: "It is contended, that he is a tenant in common with others, and ought not be permitted to sue in equity, without making his co-tenants parties to the suit. This objection does not affect the jurisdiction, but addresses itself to the policy of the court. Courts of equity require, that all the parties concerned in interest shall be brought before them, that the matter in controversy may be finally settled. This equitable rule, however, is framed by the court itself, and is subject to its discretion. It is not, like the description of parties, an inflexible rule, a failure to observe which turns the party out of court, because it has no jurisdiction over his cause; but being introduced by the court itself, for the purposes of justice, is susceptible of modification, for the promotion of those purposes. * * * In addition to these observations, it may be proper to say, that the rule which requires that all persons concerned in interest, however remotely, should be made parties to the suit, though applicable to most cases in the courts of the United States, is not applicable to all. In the exercise of its discretion, the court will require the plaintiff to do all in his power to bring every person concerned in interest before the court. But if the case may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person, whom the process of the court cannot reach, as, if such party be a resident of some other state, ought not prevent a decree upon its merits. It would be a misapplication of the rule, to dismiss the plaintiff's bill, because he has not done that which the law will not enable him to do."

In Payne v. Hook, 7 Wall. (74 U. S.) 425, 431, 19 L. Ed. 260, the Supreme Court sustained the jurisdiction of the federal courts on the ground of diversity of citizenship in an action for an accounting where the action was brought by one of several distributees of an estate. The court said:

"But it is said the proper parties for a decree are not before the court, as the bill shows there are other distributees besides the complainant. It is undoubtedly true that all persons materially interested in the subject-matter of the suit should be made parties to it; but this rule, like all general rules, being founded in convenience, will yield, whenever it is necessary that it should yield, in order to accomplish the ends of justice. It will yield, if the court is able to proceed to a decree, and do justice to the parties before it, without injury to absent persons, equally interested in the litigation, but who cannot conveniently be made parties to the suit.

"The necessity for the relaxation of the rule is more especially apparent in the courts of the United States, where, oftentimes, the enforcement of the rule would oust them of their jurisdiction, and deprive parties entitled to the interposition of a court of equity of any remedy whatever."

Judge Sawyer, in the United States Circuit Court for California in the Debris Case, 16 F. 25, 34, held that a cotenant of a water right could bring a suit against parties interfering with that water right without joining his cotenant. We quote the following excerpt from that opinion: "I am satisfied also that the complainant is entitled to maintain the suit without joining his co-tenant or making him a defendant. His interest—his estate—is several. There is but a unity of

possession. His interest or estate is capable of being injured, and he is entitled to have it protected from irreparable injury, whatever course his co-tenant may see fit to pursue. He claims nothing against his co-tenant. The co-tenant is not an indispensable party to a determination of his rights. In this state [California], both before the Code, under the common-law rules, and after the adoption of the Code, by express provision carrying the former rule into it, it was settled that tenants in common could sue alone. In Goodenough v. Warren [Fed. Cas. No. 5,534], 5 Sawy. 497, a suit to quiet title, it was held that one tenant in common, made a defendant, could remove the case from a state court to the circuit court of the United States, on the ground that there was a controversy wholly between him and the plaintiff, which could be fully determined as between them without the presence of other parties. The same ruling was made in Field v. Lownsdale [Fed. Cas. No. 4,769], 1 Deady, 289."

In Hewitt v. Story (C. C. A.) 64 F. 510, 30 L. R. A. 265, a cotenant in a water right, without joining his cotenants, brought suit to prevent the wrongful and unlawful diversion of waters by the defendants, 67 in number. The court exercised jurisdiction in the case although, as appeared by the dissenting opinion of District Judge Knowles, the cotenants of the plaintiff were citizens of California, as were the defendants. The point is not mentioned in the majority opinion.

In Union Mill & Mining Co. v. Dangberg, 81 F. 73, it was held by the United States Circuit Court for Nevada that a cotenant can sue alone. The right of a cotenant to maintain an action in the federal courts to protect his undivided interest in property has been expressly upheld by the Supreme Court in Payne v. Hook, 7 Wall. (74 U. S.) 425, 19 L. Ed. 260, and by this court in Barker v. Edwards (C. C. A.) 259 F. 484, 489.

The appellees concede the correctness of this doctrine as to suits to quiet title, but contend that the cause of action sued upon is not a simple suit to quiet title and that to the cause of action stated in the complaint the Hobart Estate Company is an indispensable party. They base this proposition upon the allegations of the complaint to the effect that the plaintiff and her cotenant were utilizing the property in question in public utility service; that the defendants have conspired to oust the plaintiff and her cotenant from possession; that they have trespassed upon a portion of the properties and unlawfully diverted some of the water owned by plaintiff and her cotenant; and that, unless restrained, the defendants will seize and oust plaintiff from the possession of the properties of plaintiff and her said cotenant. Assuming for the moment, as contended by the appellees, that the allegations of the complaint go beyond the scope of a suit to quiet title, and involve other rights of a cotenant not properly appertaining thereto, appellant contends that the right of the cotenant may be litigated separately under the provisions of section 384 of the Code of Civil Procedure of the State of California, which is as follows: "Tenants in common, etc., may sever in bringing or defending actions. All persons holding as tenants in common, joint tenants, or coparceners, or any number less than all, may jointly or severally commence or defend any civil action or proceeding for the enforcement or protection of the rights of such party."

In answer to this proposition the appellees contend that the power of a federal court in equity cannot be increased by state legislation such as section 384, Cal. Code Civ. Proc., supra, because the equity powers of the federal courts derived from the Constitution of the United States are only the equity powers recognized in the chancery courts of England at the time of the adoption of the Constitution. For certain purposes this limitation upon the equity powers of the federal courts is clearly recognized, but these distinctions have nothing to do with the question of federal jurisdiction based upon diversity of citizenship, which is also derived from the Federal Constitution. Neither is it true that state statutes cannot increase federal equity jurisdiction. In Devine v. Los Angeles, 202 U. S. 313, 333, 26 S. Ct. 652, 657, 50 L. Ed. 1046 the Supreme Court in considering section 738 of the California Code of Civil Procedure, authorizing suits to quiet title, said: "This statute enlarged the ancient jurisdiction of courts of equity in respect of suits to quiet title, but, the equitable rights themselves remaining, the enlargement thereof may be administered by the circuit courts of the United States as well as by the courts of the state." [Citing cases].

New equitable rights created by the states may be enforced in the federal courts subject to the qualification that such enforcement does not impair any right conferred, or conflict with any prohibition imposed by the Constitution or laws of the United States. Scott v. Neely, 140 U. S. 106, 109, 11 S. Ct. 712, 35 L. Ed. 358.

We conclude that the appellant's cotenant

is not an indispensable party to this action where the only rights involved are her rights asserted against a third person who is made defendant in the action. The cause of action stated in the complaint is neither more nor less than a suit to quiet title which it is conceded may be brought without joining the cotenant. The request for an injunction and the allegations of the complaint that the property in question is utilized by the cotenants as a public utility do not change the character of the action. Furthermore, we hold also that the rights sought to be maintained in this action are within the purview of section 384 of the California Code of Civil Procedure, supra, providing that a cotenant can sue without joining his cotenant in such an action and that this right to severally maintain an action may be exercised also in a federal court where there is a diversity of citizenship.

Appellees also contend that in the event that it be held that the cotenant is not an indispensable party it is at least a necessary party, and that, in such case, the question as to whether or not this necessary party shall be joined, although such joinder may oust the court of jurisdiction, is one of discretion, and that the action of the trial court in dismissing the action is an exercise of discretion which is not subject to review. This contention is based on Equity Rule 39 (28 USCA § 723), a re-enactment of former Rule 47, and is as follows: "In all cases where it shall appear to the court that persons, who might otherwise be deemed proper parties to the suit, cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in its discretion, proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties."

This rule was not intended, we think, to deprive a party of a clear right to invoke the constitutional jurisdiction of the federal court. If it is so intended it cannot stand as against a clear constitutional right of the parties to invoke the jurisdiction of the federal courts. This view is in accord with a recent declaration of the Supreme Court concerning the purpose and effect of its power to make rules in Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., 263 U. S. 629, 635, 44 S. Ct. 220, 222, 68 L. Ed. 480. We quote therefrom as follows:

"Occasionally, a rule is employed to express, in convenient form, as applicable to certain classes of cases, a principle of substantive law which has been established by statute or decisions. But no rule of court can enlarge or restrict jurisdiction. Nor can a rule abrogate or modify the substantive law. This is true, whether the court to which the rules apply be one of law, of equity or of admiralty. It is true of rules of practice prescribed by this court for inferior tribunals, as it is of those rules which lower courts make for their own guidance under authority conferred."

Decree of dismissal reversed, and case remanded for further proceedings.