## EDENBORN v. WIGTON.[*]

### SAME v. MANN.
### No. 7366.

Circuit Court of Appeals, Fifth Circuit.
Dec. 6, 1934.

Rehearing Denied Jan. 11, 1935.

R. E. Milling and R. C. Milling, both of New Orleans, La., and Allen Rendall and A. B. Freyer, both of Shreveport, La., for appellant.

S. L. Herold and T. Overton Brooks, both of Shreveport, La., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Mrs. Wigton, appellee in one of the suits, is a niece, her brother, August Mann, appellee in the other, is a nephew, and they, with another brother and sister as sole heirs of William Edenborn, deceased, succeeded to his entire separate estate. Mrs. Edenborn is the widow, and, while the settlements with and transfers to her stand, the sole owner of "all property of which William Edenborn died possessed, whether same was community or separate property." This consolidated appeal is from interlocutory decrees enjoining her in respect to certain properties in which appellees claim interests, and impounding them in the hands of custodians. She claims both that jurisdiction of the suits was erroneously taken, and that the injunctive and custodianship orders were improperly granted. The point she makes against the jurisdiction is that it appears on the face of all of the proceedings that plaintiffs' suits, while nominally separate and seeking only individual relief, are in fact joint ones to which the other sister and brother are par-

*Writ of certiorari denied Mann v. Edenborn, 55 S. Ct. 546, 79 L. Ed. ——.

ties so indispensable that relief cannot be granted plaintiff in it without affecting them. She insists that the settlement of 1929, which each plaintiff directly attacks, was bottomed on and followed the settlement and transfer agreements made in 1926 between her and all the heirs and the decree of the probate court entered in the same year adjudging all the property of the succession to belong to her. She argues that these may not be set aside or limited as to one of the parties except in proceedings in which all are parties. She argues further that, if each plaintiff might, in individual suits limited in effect to declaring rights, obtain a decree establishing appellant's trusteeship as to each to the extent of the interest each claims, still these suits must fail as brought because the relief sought and granted in each requires seizure and disposition in a suit to which only two are parties, of property which the petition in each suit shows is owned by several. She points out, too, as a fundamental obstacle to the suits, in effect as she claims actions to annul state probate proceedings, that they are not cognizable in a federal equity court, for the Louisiana law gives full, complete, and adequate remedy at law by actions of re-vendication.[1]

Appellees, insisting that appellant has completely misapprehended the nature of their suits, deny that they seek in them to set aside or annul probate proceedings, or to attack and set aside, as completely invalid, joint instruments of settlement. They insist that their suits, brought under the doctrine of Arrowsmith v. Gleason, 129 U. S. 101, 9 S. Ct. 237, 32 L. Ed. 630, are not suits to control, supervise, or annul proceedings of state courts, but are personal suits in which the court, scrutinizing the conduct of Mrs. Edenborn, will, if it finds that she has been guilty of fraud or imposition in obtaining the decree and the instruments of transfer or settlement she relies on, deprive her of the benefits of them and of any inequitable advantage which she has derived under them.[2] Their case, they say, invokes only the settled jurisdiction of a court of chancery to establish and enforce trusts, by making those holding a fiduciary relation account to those they have wronged. Payne v. Hook, 7 Wall.

425, 19 L. Ed. 260; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80; Williams v. Crabb (C. C. A.) 117 F. 193, 59 L. R. A. 425; Omaha Nat. Bank v. Federal Reserve Bank (C. C. A.) 26 F.(2d) 884; United States v. Dunn, 268 U. S. 121, 45 S. Ct. 451, 69 L. Ed. 876; Independent Coal & Coke Co. v. United States,. 274 U. S. 640, 47 S. Ct. 714, 71 L. Ed. 1270; Oliver v. Piatt, 3 How. 333, 11 L. Ed. 622.

Upon the point appellant makes, that, granting the existence of the general rule, plaintiffs' suits as brought must still fail for want of jurisdiction because of the absence of indispensable parties, appellees say that this objection goes not to the jurisdiction of the court as a federal court, but to its discretion as a court of equity in exercising jurisdiction as a matter of convenience, Hazeltine Corporation v. White (C. C. A.) 68 F.(2d) 715; Dyer v. Stauffer (C. C. A.) 19 F.(2d), 922; General Investment Co. v. New York Central, 271 U. S. 228, 46 S. Ct. 496, 70 L. Ed. 920, and that there was no abuse of discretion here, Payne v. Hook, Waterman v. Bank, Williams v. Crabb, supra, and Commercial Casualty Ins. Co. v. Lawhead (C. C. A.) 62 F.(2d) 928.

The whole controversy upon the merits is over whether Edenborn left a substantial separate estate, and whether, if he did, the settlements with and transfers from his nieces and nephews which appellant got were obtained by fraud and overreaching. Appellees' claim is that the separate estate was of the value of eight or ten millions of dollars, the community of two or three millions, and that they were falsely and fraudulently induced, by their confidence in and reliance upon Mrs. Edenborn, their aunt, to accept her statements that there was no separate estate and to settle for a mere pittance; that, as part of the settlement and so induced they signed papers and made appearances in the probate court and executed settlements and transfers; that the properties which Mrs. Edenborn got possession of through these means are still held in converted form by her in bonds, notes, and other securities, in trust as to each plaintiff, to the extent of his interest.

---

[1] Ellis v. Davis, 109 U. S. 485, 3 S. Ct. 327, 27 L. Ed. 1006; Broderick's Will, 21 Wall. 503, 22 L. Ed. 599; Simmons v. Saul, 138 U. S. 439, 11 S. Ct. 369, 34 L. Ed. 1054; O'Callaghan v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101; article 566, Code of Practice of Louisiana.

[2] Johnson v. Waters, 111 U. S. 640, 4 S. Ct. 619, 28 L. Ed. 547; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80; Sutton v. English, 246 U. S. 199, 38 S. Ct. 254, 62 L. Ed. 664; Marshall v. Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. Ed. 870.

Plaintiffs claimed alternatively that, if any of the property left by Edenborn which they claim as separate property was not in fact separate property, but was property of the community, then the community had obtained that property from the separate estate under such circumstances that it stood charged as debtor to the separate estate for the value of it.

■ The case coming here on appeal from an interlocutory order, both appellant and appellees recognize that ordinarily not the merits, but only whether in granting the order there has been an abuse of discretion, will be considered here. Butler v. Schulte, Inc. (C. C. A.) 67 F.(2d) 632; Rogers v. Hill, 289 U. S. 582, 53 S. Ct. 731, 77 L. Ed. 1385, 88 A. L. R. 744; Alabama v. United States, 279 U. S. 231, 49 S. Ct. 266, 73 L. Ed. 675. Appellant argues that discretion was, appellees that it was not, abused. Appellant going further insists that the case is on the pleadings and the face of the record so without merit that this court should say so and order its dismissal. Mecanno v. Wanamaker, 253 U. S. 136, 40 S. Ct. 463, 64 L. Ed. 822.

■ It is apparent that plaintiffs and their brother and sister have the same interests and are pressing the same claims, and that, if brought into the suit, they would have to be aligned on the same side. Thomas v. Anderson (C. C. A.) 223 F. 41, 42. This would oust the jurisdiction, as it appears, not from plaintiffs' petitions, but from the record, that the other two are citizens of Louisiana and have already filed suits in the state court. While it has long been the rule that equity will not proceed to a final decision where there are parties absent who are indispensable parties to the issues, Shields v. Barrow, 17 How. (58 U. S.) 130, 15 L. Ed. 158; Niles-Bement-Pond v. Iron Moulders', 254 U. S. 77, 41 S. Ct. 39, 65 L. Ed. 145; Ribon v. Chicago, R. I. & P. R. Co., 16 Wall. (83 U. S.) 446, 21 L. Ed. 367, it has also in the federal court been the rule from the earliest times, that, where the joinder of parties will oust the jurisdiction, the court will so frame its decree, if possible, as to give relief in the cause without affecting the rights of the absent parties, Payne v. Hook, 7 Wall. (74 U. S.) 425, 19 L. Ed. 260; Williams v. Crabb (C. C. A.) 117 F. 193, 59 L. R. A. 425; Mathis v. Hemingway (C. C. A.) 24 F.(2d) 951; West v. Randall, 2 Mason, 181, Fed. Cas. No. 17,424; Equity Rule 39 (28 USCA § 723); Thomas v. Anderson (C. C. A.) 223 F. 41; Rose v. Saunders

(C. C. A.) 69 F.(2d) 339, 342. The reason for this is that parties having a clear right to invoke the constitutional jurisdiction of the federal court ought not to, and will not, be deprived of that right on considerations merely of convenience; that is, where the jurisdiction may be exercised without injustice to the absent parties. Of course, if no such decree can be entered, jurisdiction will be declined. Roos v. Texas Co. (C. C. A.) 23 F.(2d) 171, 172; Vincent Oil Co. v. Gulf Refining Co. of Louisiana (C. C. A.) 195 F. 434. An examination of the pleadings and of the proofs taken on the hearing which resulted in the interlocutory orders complained of shows that each of the brothers and sisters makes the same claim as to the basis of their rights, each asserts the same interest, each seeks to charge appellant as trustee, each claims a part of the properties described in the suit, each claims fraud and overreaching. But for the fact that to make them parties would oust the jurisdiction of the federal court, we think the court should, and no doubt would, before proceeding in the cause, have required the other brother and sister to be brought in, so that in one decree in one suit the rights and interests of all the parties could have been settled and vindicated. Since he did not do this because it could not have been done without depriving each of the plaintiffs of his undoubted right to invoke the constitutional jurisdiction of the court, it remains only to consider whether plaintiffs' bills should now be dismissed for want of parties, or may be retained for part or all of the relief prayed, and whether there was an abuse of discretion in issuing the interlocutory injunction as to all of the properties and in taking all of them in charge.

■ We are not in doubt that in the absence of the other parties the court should not have undertaken to interfere by either injunctive orders or orders of custodianship with the whole property, because such decrees are bound in their nature to have affected the interests of others not before it. Nor are we in any doubt that the court may not proceed on the merits to grant the full relief which plaintiffs' prayers demand, of requiring the trustee to turn over to each of them part of the property in which all are interested, or, in the alternative, to foreclose a lien on the whole property in which all are interested at the suit of one or two of them. We think the authorities leave it equally in no doubt, however, that, for the limited purpose of declaring and establishing the trus-

teeship of appellant as to the interest each plaintiff claims, the court may entertain the bills and proceed to such a decree in them without the other heirs being present, for such a decree would not prejudice or at all affect the rights of the absent brother and sister. For the enforcement either by partition of the property or otherwise, of such rights as may be declared by the decree, plaintiffs in these suits must be remitted to other proceedings, into which all parties affected by them may be brought.

Because we have concluded that the orders must be reversed because of the absence of parties indispensable to their just effectiveness, none of the other questions raised have been decided by us.

The orders appealed from are reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.