264

## BROWN v. UNITED GAS PUBLIC SERVICE CO.

### No. 8648.

Circuit Court of Appeals, Fifth Circuit.

April 25, 1938.

G. P. Bullis, of Vidalia, La., for appellant.

Allan Sholars, of Monroe, La., and W. Scott Wilkinson, of Shreveport, La., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

In this case the only substantial question presented on the appeal is whether the petition of appellant shows sufficient amount in controversy to vest jurisdiction in the District Court. The suit was brought to recover additional royalties on gas produced under two mineral leases on separate tracts of land in Richland parish, La. The claim was made up of three items: (1) $2,855.67, a royalty of one-eighth of 3 cents per 1,000 cubic feet on gas produced from the wells, in excess of what had been paid; (2) $1,903.79, a royalty of one-eighth of 2 cents per 1,000 cubic feet on gas produced, based on gasoline extracted from it. The third item has been withdrawn on appeal.

The District Court sustained a motion of appellee to dismiss the suit on the ground that under leases similar to those in suit he had uniformly held that there was no right to recover for gasoline extracted in absorption plants and the second item would have to be stricken from the petition, leaving only the sum of $2,855.67 in controversy, an amount below the jurisdiction of the court.

■ Jurisdiction must be initially determined by the amount claimed in good faith. That plaintiff may not be entitled to recover on the merits the whole or part of the claim does not necessarily defeat jurisdiction. Whether a suit is dismissed on plea or motion of defendant or by the court under the provisions of Act of March 3, 1875, now Jud.Code § 37, 28 U.S.C.A. § 80, the rule is that a suit cannot be properly dismissed as not involving sufficient amount in controversy unless the facts create a legal certainty of that conclusion. Whether plaintiff may recover on the second item of his claim is a question to be decided on the merits. That the same question may have been previously decided by the District Court adversely to his contentions does not create a legal certainty of insufficient amount involved. Wetmore v. Rymer, 169 U.S. 115, 18 S.Ct. 293, 42 L.Ed. 682; Put-In-Bay Waterworks Co. v. Ryan, 181 U.S. 409–431, 21 S.Ct. 709, 45 L.Ed. 927; Stein v. Tip-Top Baking Co., 267 U.S. 226, 45 S.Ct. 273, 69 L.Ed. 585; General Investment Co. v. New York Central R. R. Co., 271 U.S. 228–231, 46 S.Ct. 496, 497, 70 L.Ed. 920.

The judgment appealed from is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.