WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v.
MILLER et al.

No. 12574.

Circuit Court of Appeals, Eighth Circuit.

Nov. 9, 1943.

630

Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, of Washington, D. C. (Douglas B. Maggs, Sol., of Washington, D. C., James M. Miller, Regional Atty., of Minneapolis, Minn., Morton Liftin, Joseph L. Nachman, and H. Michele Olsson, Attys., U. S. Dept. of Labor, all of Washington, D. C., on the brief), for appellant.

George W. Pryor, of Washington, D. C. (Pierce Butler and Doherty, Rumble, Butler, Sullivan & Mitchell, all of St. Paul, Minn., and Feldman, Kittelle, Campbell & Ewing, of Washington, D. C., on the brief), for appellees.

Before WOODROUGH, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

On July 17, 1941, the Administrator of the Wage and Hour Division, United States Department of Labor, filed a complaint in the district court demanding judgment enjoining and restraining the defendants from violating the provisions of § 15(a) (1), (2), and (5) of the Fair Labor Standards Act of 1938, June 25, 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

On the same day the petition was filed a stipulation of the parties was filed and a consent decree was entered. In the stipulation the defendants waived answer and any defenses to the complaint, and con-sented to the entry of a final judgment, "incorporating this stipulation as a part thereof, and granting the relief demanded in said complaint." The stipulation provided that the defendants agree to pay to all their employees, employed since October 24, 1938, "a sum of money equal to the difference between the amounts of wages actually paid each such employee for his employment during the said period and the amounts each such employee should have been paid had he been compensated for his said employment at the minimum and overtime rates of pay as required by Sections 6 and 7 of the Fair Labor Standards Act of 1938."

The decree, entered with the express consent of all the defendants, granted the relief demanded and included a provision incorporating the stipulation, making it a part thereof, and adjudging that the defendants do and perform each and every act and thing set forth in the stipulation.

On January 14, 1942, the defendants filed a motion to vacate the decree "in whole, or in such part as the Court finds the facts and the law justify." The motion was based upon several grounds, one of which was that the Act does not authorize the plaintiff to maintain a suit for restitution of wages that may be due by virtue of any violation of § 15, but that such power is granted solely to employees by § 16 of the Act, and that, therefore, the court was without jurisdiction in an injunction suit brought by the plaintiff under § 17 to order restitution of wages even though consented to by defendants.

The motion was resisted by the plaintiff. After a hearing, the court, on November 14, 1942, found that it had jurisdiction over the general subject matter of the action and over the parties and held that for this reason any defect in the form of the decree or the inclusion in it of restraints not asked for by the complaint does not require a change in the decree.

The foregoing parts of the court's ruling on the motion were unfavorable to the defendants, and they have not appealed. But the court further found and held that:

"Because Section 16 (b) of the Fair Labor Standards Act gives to the employees a right to recover their wages and because Section 17 does not expressly permit the recovery of wages in an action brought under Section 17, any incidental powers which the court might have under that section are withdrawn, for when a statute:

creates a right (or liability) and gives a special remedy for its enforcement, that remedy is the exclusive one. Therefore, the court lacked jurisdiction to grant restitution in this action.

\* \* \* \* \* \*

"In view of the above conclusions the only relief to which defendants are now entitled is a vacation of the decree's order to make restitution of the back wages to their employees, and to that extent there will be a vacation and modification.

"It is so ordered \* \* \*".

From the part of the ruling granting "a vacation of the decree's order to make restitution of the back wages to their employees" the administrator has appealed.

The able opinion of the district court is reported in Fleming. Administrator, etc., v. Miller et al., 47 F.Supp. 1004, 1012.

The plaintiff contends that the court erred in holding that it lacked jurisdiction to grant restitution in a consent decree entered in a suit commenced by the administrator.

The law is that a decree entered by consent may be reviewed upon appeal or bill of review where there is a claim of lack of actual consent to the decree as entered; or of fraud in its procurement; or that there was lack of federal jurisdiction. But "a decree, which appears by the record to have been rendered by consent is always affirmed, without considering the merits of the cause." All errors going to the merits and remediable on appeal are waived by consent to the decree. If the court entering the decree had jurisdiction both of the general subject matter and of the parties, any objection to the merits is reviewable on appeal and is not open on a motion to vacate. Swift & Co. v. United States, 276 U.S. 311, 324, 326, 327, 48 S.Ct. 311, 314, 72 L.Ed. 587.

One reason for the rule is obvious. A court which, having jurisdiction of the parties and of the subject matter, renders a consent decree, if it sustains a motion of one of the parties to vacate such decree, not only sanctions the breach of a contract but in effect becomes a party to the breach. On the other hand, if the court lacks power to adjudicate such a cause of action in the first instance, it lacks power also to sanction a stipulation of settlement by entering a consent decree.

There is no claim here that the parties were not competent to contract; or that there was lack of consent; or that there was fraud in the procurement of the decree. Neither can it be doubted that the court at the time the decree was entered had general jurisdiction of the subject matter and of the parties. The court so found, and no appeal was taken by the defendants from that finding. The court had power to enforce and to adjudicate disputes arising under the Fair Labor Standards Act. Under § 17 it has power to restrain violations of § 15. Under § 16(a) it has power to punish by fine or imprisonment those who willfully violate § 15; and under § 16(b) it has power to award restitution of wages and liquidated damages to employees against employers who violate §§ 6 and 7 of the Act.

The defendants, however, challenge the jurisdiction of the court here, as they did in the lower court, on the ground that the Fair Labor Standards Act does not authorize the administrator to maintain a suit for restitution of wages that may be due by virtue of any violation of § 15 because such power is granted solely to employees by § 16 of the Act. We think the defendants confuse the power of the court to adjudicate a controversy under the Act with the capacity of the parties to maintain the action. Assuming, but not deciding, that the administrator is not authorized in the first place to maintain a suit for restitution and that only the employees may do so, the inclusion of the order for restitution in the consent decree did not go to the jurisdiction or power of the court but to the merits only. General Inv. Co. v. New York Central R. R., 271 U.S. 228, 230, 231, 46 S.Ct. 496, 70 L.Ed. 920; Illinois Central Railroad Co. v. Adams, 180 U.S. 28, 34, 35, 21 S.Ct. 251, 45 L.Ed. 410; Venner v. Great Northern Railway, 209 U.S. 24, 34, 28 S.Ct. 328, 52 L.Ed. 666. In the General Inv. Co. case, a suit in equity was brought by a minority stockholder against the railroad company to enjoin it from dominating and controlling through stock ownership certain other railroad companies. The suit was dismissed by the district court for want of jurisdiction on the ground that a private litigant was without capacity to maintain the bill because such right was lodged exclusively by the Acts of Congress in others. The Court held that the suit was dismissed on an untenable ground and that the question pertained to the merits, not to jurisdiction. On the distinction between a

question of jurisdiction and a question of merits in such a case, the Court said: "By jurisdiction we mean power to entertain the suit, consider the merits and render a binding decision thereon; and by merits we mean the various elements which enter into or qualify the plaintiff's right to the relief sought. There may be jurisdiction and yet an absence of merits (citations) as where the plaintiff seeks preventive relief against a threatened violation of law of which he has no right to complain, either because it will not injure him or because the right to invoke such relief is lodged exclusively in an agency charged with the duty of representing the public in the matter. Whether a plaintiff seeking such relief has the requisite standing is a question going to the merits, and its determination is an exercise of jurisdiction. (Citations.) If it be resolved against him, the appropriate decree is a dismissal for want of merits, not for want of jurisdiction." [271 U.S. 230, 46 S.Ct. 497, 70 L. Ed. 920.]

In the Adams case the Court said that a person without a legal interest in a cause of action could not maintain a suit in his own name; "but it never would be contended that the court would not have jurisdiction to inquire whether such disability in fact existed, nor that the case could be dismissed on motion for want of jurisdiction. The right to bring a suit is entirely distinguishable from the right to prosecute the particular bill." [180 U.S. 28, 21 S.Ct. 253, 45 L.Ed. 410.] The decision in the Venner case is to the same effect.

The distinction between matters which go to the jurisdiction of the court and those which go to the merits is illustrated by cases involving collateral attack. See Foltz v. St. Louis & S. F. Ry. Co., 8 Cir., 60 F. 316, 318, 320. In that case this court had for consideration the validity against collateral attack of a judgment of condemnation of land in the state of Arkansas in favor of the railway company, a Missouri corporation. The court which rendered the judgment had power to condemn land and had jurisdiction of the parties. But the constitution of Arkansas declares that no foreign corporation shall have power to condemn private property. In a suit brought by the railway company to enjoin a suit in ejectment the defendant claimed that the judgment in condemnation was a nullity. In reference to that question this court, speaking through Judge Walter H. Sanborn, said: "* * * it was the right and the duty of the circuit court to hear and determine the very question whether or not the appellee had the right to exercise the power of eminent domain before it entered its judgment in the condemnation proceeding, and that judgment is conclusive evidence that it did determine that question in favor of the appellee. The judgment was strictly within the powers conferred upon that court by the law of its organization. It had authority to condemn lands for public use in a proper case presented to it. If that judgment was erroneous, it might have been reversed by a writ of error; but the decision of the question that is now admitted to be presented anew was the exercise of jurisdiction, and the rightful exercise of that jurisdiction, and, whether right or wrong, it cannot be successfully attacked in a collateral proceeding."

Every court in rendering judgment has the authority and does, tacitly or expressly, determine its jurisdiction over the parties and over the subject matter and its decree sustaining jurisdiction is not open to collateral attack. Stoll v. Gottlieb, 305 U.S. 165, 171, 172, 59 S.Ct. 134, 83 L.Ed. 104; Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 377, 60 S.Ct. 317, 84 L.Ed. 329. And when the court which rendered the judgment, having jurisdiction over the subject matter and the parties, has power to adjudicate the issues in the class of suits to which the case belongs, its decision is on the merits (Brougham v. Oceanic Steam Navigation Co., 2 Cir., 205 F. 857, 859), and the validity of its judgment, when collaterally attacked, is not affected by an erroneous decision. Such a judgment is not void, even though there be gross error in the decree. Swift & Co. v. United States, supra.

The contention may be sound that the Administrator lacked authority to maintain an action for restitution because the statute having created a right (a liability) and having given a special remedy for its enforcement, that remedy is exclusive; but, if such contention be correct, it shows only that the court erred in rendering the decree and in finding at that time that the remedy given the employees is not exclusive. The error pertained only to the capacity of the plaintiff and to the remedy, not to the power of the court. Whether the administrator "has the requi-

site standing" to maintain a suit for restitution "is a question going to the merits", and the decree is not subject to attack for such an error by motion to vacate. General Inv. Co. v. New York Central R. R., supra. The right of the administrator to make such an attack was waived by the defendants. The inherent power of the court to enter the order appealed from is not involved. It was error to sustain the motion.

For the foregoing reasons that part of the order appealed from is reversed.

WOODROUGH, Circuit Judge (concurring).

I concur in the decision herein, but I think the powers vested in the district courts by the Fair Labor Standards Act to restrain violations of its provisions include the power to enter mandatory injunctions at the instance of the Administrator requiring employers to pay up any deficiencies they are shown to be unlawfully withholding from employees in violation of the Act at the time of the entry of decree against the employer. The Act imposes upon the employers the duty to pay the specified minimum wage, and when they withhold a part of the specified amount and pay less than the law requires they violate the law. The violation continues as long as they continue the withholding and refusal to pay according to law. Without a mandatory provision requiring the employer to perform the duty and to comply with the law by paying the retained deficiency, an injunction directed only to the future does not restrain the employer's violations of the Act or protect the public interest as intended by Congress. The Act nowhere limits the courts to restraining only the future threatened holding back of parts of the prescribed minimum wage. It deals with and prescribes what employers must pay from and after the date fixed in the Act, and the power conferred on the courts is to restrain the refusals to pay which are violations of the Act. Mandatory injunction tends to effect compliance with the Act and is the traditional "restraint of violation" plainly within the Act's intendment. That the Act also accords remedies to private individuals for their private damage from the violations is immaterial. As to such individual employees on whom the Act confers a right of action for deficiency in wages, there can be no doubt that the remedies provided for them by the Act are exclusive and controlling in any suits they bring. It creates their private right and defines and limits it. But the Administrator properly and exclusively represents the public interest. In that interest he invokes the power vested in the courts to compel obedience to the law by injunctional process. I see no good reason why the courts should not award him their mandatory injunctional order on proof of present unlawful withholding of minimum wages from those to whom the law says they must be paid, as well as an injunction against violations threatened to be committed in the future.