FOOD BASKET, Incorporated, Plaintiff,

v.

AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, A. F. of L., etc., et al., Defendants.

Civ. A. No. 2832.

United States District Court,
W. D. Kentucky.

Sept. 30, 1954.

Hardy & Logan, Louisville, Ky., for plaintiff.

Herman Cohen and Charles R. Isenberg, Louisville, Ky., Mozart G. Ratner and Jacobs, Kamin & Ratner, Chicago, Ill., for defendants.

Herbert L. Segal, Louisville, Ky., for Kentucky State Federation of Labor amicus curiae.

BROOKS, District Judge.

This is an action by the plaintiff, Food Basket, Incorporated, a Kentucky Corporation, to enjoin the picketing of its retail grocery store, located in Louisville, Kentucky, by the defendants, Amalgamated Meat Cutters and Butcher Workmen of North America, A. F. of L. Local 227, et al. (hereinafter referred to as the Union).

The complaint was filed in the Jefferson Circuit Court of Jefferson County, alleging in part that "on August 28, 1954 the defendants established a picket line and have continually since that time maintained said picket line not only at

the front of his premises but has also maintained a picket some 500 feet away. That said Pickets carry signs reading "Food Basket employees please join Local 227". That the defendants have blocked access to the driveways leading to plaintiff's place of business thereby interrupting cutomers. Defendants have distributed literature to plaintiff's customers and by conversing with suppliers delivering goods to plaintiff have persuaded some not to make deliveries. Plaintiff states defendants have caused to congregate as many as fifteen persons thereby interfering with patrons of plaintiff's store * * *. That said action of defendants has the effect of forcing or coercing the plaintiff to illegally and unlawfully interfere with the right of his employees to join or to refrain from joining this or any other union; all contrary to and in violation of the constitution, laws and public policy of the Commonwealth of Kentucky."

Plaintiff prayed an injunction and a temporary restraining order enjoining the picketing was entered by the Circuit Court on September 4, 1954. The Union thereupon filed its petition for removal and the plaintiff has moved to remand.

It is the position of the Union that the plaintiff is engaged in an enterprise affecting interstate commerce within the meaning of the Labor Management Relations Act and that the allegation that defendants' picketing is for the unlawful purpose of forcing plaintiff to coerce his employees into joining the Union states a cause of action under Section 8(b) (2) of the Labor Management Relations Act, 29 U.S.C.A. § 158(b) (2), and that therefore this cause of action does not arise under Kentucky law but under the National Labor Relations Act and is properly removable to this Court.

Plaintiff disputes the contention that it is engaged in interstate commerce and this question is not determined but for the purpose of deciding the jurisdictional question involved here it will be assumed that the complaint states a case involving unfair labor practices as defined by Section 8(b) (1) (A) of the Labor Management Relations Act.

█ Congress has authorized removal from a State Court to the District Court of "any civil action * * * of which the district courts of the United States have original jurisdiction." Title 28 U.S.C.A. § 1441(a). The present action admittedly could not have been brought initially in the District Court by the plaintiff because a private party is not authorized to seek this type of injunctive relief against unfair labor practices. Such authority has been placed exclusively in the National Labor Relations Board, Title 29 U.S.C.A. § 160 (j).

The Union insists, however, that "the fact that the District Courts are not authorized to grant injunctive relief against unfair labor practices at the consent of private parties, and plaintiff's complaint must, therefore, be dismissed by this Court for lack of proper party plaintiff, in no way suggests that this Court does not have original jurisdiction over the subject matter of the action, the only prerequisite to removal."

██ Under almost identical facts, this contention was rejected in Richman Bros. Co. v. Amalgamated Clothing Workers of America, D.C., 114 F.Supp. 185, 190. In a well-reasoned opinion, Judge McNamee said:

"In oral argument on the motion to remand, defendants asserted 'We freely admit to remedy unfair labor practices the National Labor Relations Board is the exclusive agency.' However, relying upon Pocahontas Terminal Corp. v. Portland Building, etc., Co., D.C., 93 F. Supp. 217, defendants contend that although this court does not have jurisdiction to grant the relief sought, it does have jurisdiction for the purpose of removing the case from the common pleas court. The same argument based upon the same authority was made in Walker v. United Mine Workers, D.C., 105 F.

Supp. 608, 611. In rejecting the argument, Judge Stewart said:

" 'Further, it seems anomalous to hold, on one hand, that a District Court has original jurisdiction sufficient to grant the removal of a cause and then to hold, on the other, that the cause, once removed, must be dismissed by the District Court for the reason that it lacks jurisdiction of the cause and consequently has no power to grant the relief sought.'

"To say that a court is without jurisdiction to decide a case on its merits but has jurisdiction merely to remove the case is to state a contradiction. Jurisdiction to remove a case from state courts rests upon the District Court's jurisdiction to hear and decide the case so removed. Section 1441 of Title 28 U.S.C. authorizes the removal of cases 'of which the district courts * * * have original jurisdiction'. In General Investment Co. v. New York Central R. Co., 271 U.S. 228, 230, 46 S.Ct. 496, 497, 70 L.Ed. 920, the Supreme Court said: 'By jurisdiction we mean power to entertain the suit, consider the merits and render a binding decision thereon * * *.' It is in this sense that the term 'jurisdiction' is used in the removal statute. Defendants' argument posits the proposition that district courts may remove cases from state courts where the subject-matter of the controversy presents a federal question within the exclusive original jurisdiction of an administrative agency of the United States government. No such power is conferred by the removal statute. The statute does not contemplate a result that permits a district court to remove a case which it is required to dismiss for want of jurisdiction. Accordingly it is held that this court is without jurisdiction to entertain this suit, even though it be assumed that the petition states a case of unfair labor practice as defined in section 8(b) (1) (A) of the Labor Management Relations Act. Having been improvidently removed, this case must be remanded to the common pleas court of Cuyahoga County."

For the reasons stated in said opinion and the cases cited therein, the motion of the plaintiff to remand this action to the Jefferson Circuit Court must be sustained. Counsel for plaintiff will prepare appropriate order.