Jewel Ann CIOTTI & Mannheim Books,
Inc., Plaintiffs-Appellants,

v.

The COUNTY OF COOK, et al.,
Defendants-Appellees.

No. 83–1576.

United States Court of Appeals,
Seventh Circuit.

Argued June 7, 1983.

Decided July 18, 1983.

Adam Bourgeois, Chicago, Ill., for plaintiffs-appellants.

David S. Allen, State's Atty. of Cook County, Chicago, Ill., for defendants-appellees.

Before ESCHBACH and POSNER, Circuit Judges, and DUMBAULD, Senior District Judge.*

ESCHBACH, Circuit Judge.

Plaintiffs, who own and operate an adult bookstore in Cook County, Illinois, appeal from the district court's dismissal of their constitutional challenge to an Adult Use Ordinance adopted by the Cook County Board of Commissioners. Relying on the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the district court dismissed plaintiffs' case because the county had filed a quasi-criminal action against plaintiffs in state court prior to any "proceedings of substance on the merits" in the federal action. We affirm the decision of the district court.

* The Honorable Edward Dumbauld, Senior District Judge of the United States District Court for the Western District of Pennsylvania, sitting by designation.

## I.

Operation of the plaintiffs' adult bookstore was made a nonconforming use under December 1981 amendments to the Cook County Zoning Ordinance. Immediately following adoption of the amendments, county zoning officials began to implement procedures outlined in the ordinance to eliminate plaintiffs' nonconforming use. Plaintiffs were notified that the bookstore was a nonconforming use. Plaintiffs then filed for a certificate of nonconformance, the equivalent of a variance, which would have allowed continued operation of the bookstore. After a public hearing, the Board of Zoning Appeals denied plaintiffs' application.

Shortly after the Board of Zoning Appeals denied their request for a certificate, plaintiffs filed suit in federal district court to challenge the constitutionality of the ordinance. On February 4, 1983, the district court denied a motion by the county to dismiss the action for lack of a case or controversy.

Concurrent with the federal district court's proceedings, county officials continued to implement the provisions of the ordinance. Plaintiffs were notified in late February that their nonconforming use had become an illegal use as of January 5, 1983, the end of a one-year grace period granted by the ordinance, and that continued operation of the bookstore would subject them to criminal prosecution. When plaintiffs failed to cease operations, the county filed a quasi-criminal action against plaintiffs in the Circuit Court of Cook County. In this action, the county sought the imposition of a fine of $200 for each day of illegal operation and an injunction against further operation of the bookstore.

After filing its quasi-criminal action, the county again sought dismissal of the plaintiffs' federal action. This time, however, they moved the district court to dismiss because federal courts should defer to state court proceedings involving the same issues. The federal district court granted the motion to dismiss and plaintiffs now appeal.

## II.

The doctrine announced in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), deals with the situation where a plaintiff is in federal court challenging the constitutionality of a criminal statute while the state is prosecuting the federal plaintiff in state court for a violation of that statute. The Supreme Court held in *Younger* that principles of equity, comity, and federalism require the federal court to abstain from hearing the federal action under these circumstances. *Id.* at 43–44, 91 S.Ct. at 750. While *Younger* involved a state criminal prosecution, the doctrine has since been extended to quasi-criminal state actions as well. *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

[1] When the state proceedings commence after the filing of the federal action, the district court must consider two factors before deciding whether to abstain or to proceed. First, the district court must abstain only if the state court proceedings will provide the federal plaintiffs with an adequate opportunity to raise their constitutional challenge to the ordinance. *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 2522, 73 L.Ed.2d 116 (1982). Second, the district court must consider the progress of the federal action. The district court must abstain if there have been no "proceedings of substance on the merits . . . in the federal court." *Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 2292, 45 L.Ed.2d 223 (1975). *See also People of the State of Illinois v. General Electric Co.,* 683 F.2d 206, 212 (7th Cir.1982) (dismissal required if the federal proceedings are not "well advanced"), *cert. denied,* —— U.S. ——, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).

█ Neither side contests the fact that the quasi-criminal action is a forum in which plaintiffs may raise their constitutional challenge to the ordinance. The only issue, therefore, is whether the federal action in

this case was so far advanced as to preclude abstention. The lower court expressly ruled that the "federal suit [was] not well advanced toward determination of the issues." Because we find no error in that judgment, we affirm.

## A.

█ Plaintiffs argue that the district court's first decision—that a case or controversy existed—met the "proceedings of substance" requirement. Plaintiffs rely on *General Investment Co. v. New York Central Railroad,* 271 U.S. 228, 46 S.Ct. 496, 70 L.Ed. 920 (1926), where the Court suggested that decisions relating to the plaintiff's standing were decisions on the merits. *Id.* at 230–31, 46 S.Ct. at 497. Plaintiffs' reliance is misplaced. In *General Investment,* the Court held only that the district court had subject matter jurisdiction over the plaintiff's antitrust claim. The Court did not address the question of dual federal and state proceedings. Consequently, *General Investment,* decided forty-five years prior to the adoption of the *Younger* abstention doctrine, provides no support for what the Supreme Court means by "proceedings of substance on the merits" in abstention cases such as this.

The district court's decision that plaintiffs presented a case or controversy went to the issue of plaintiffs' standing, but it was not a decision relating to the merits of the underlying issue in the case—the constitutionality of the ordinance. The standing decision, therefore, was not a "proceeding[ ] of substance on the merits." *See Giulini v. Blessing,* 654 F.2d 189, 193 (2d Cir.1981) (abstention appropriate where district court's only action was a ruling on jurisdiction); *Nevin v. Ferdon,* 413 F.Supp. 1043, 1049 (N.D.Cal.1976) (federal proceedings on jurisdiction and abstention do not go to the merits).

Apart from the lower court's decision on standing, the record indicates no other proceedings—for instance, depositions taken, discovery completed, or briefs filed on the issues—that would suggest advancement toward a determination on the merits. The

federal proceeding was still in an embryonic stage. *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 929, 95 S.Ct. 2561, 2566–67, 45 L.Ed.2d 648 (1975); *Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 2291–92, 45 L.Ed.2d 223 (1975); *People of the State of Illinois v. General Electric Co.,* 683 F.2d 206, 212 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983); *Giulini v. Blessing,* 654 F.2d 189, 193 (2d Cir. 1981); *Nevin v. Ferdon,* 413 F.Supp. 1043, 1049 (N.D.Cal.1976). We hold, therefore, that a decision relating to the plaintiffs' standing, without more, is insufficient to prevent dismissal of the plaintiffs' federal action.

## B.

Plaintiffs urge this court to consider an additional factor before applying *Younger.* They contend that by filing their federal action prior to any violation of the ordinance they are guaranteed a federal forum. Plaintiffs rely on the following statement from *General Electric* to support this proposition: "Only if [the federal plaintiff] goes to court before violating the law can he be assured of a federal forum, and then only if he satisfies the stringent jurisdictional requirements . . . for bringing a federal suit to enjoin merely threatened state enforcement action." 683 F.2d at 213. Plaintiffs contend that abstention is impermissible because they have satisfied both of these requirements.

There is, however, a third requirement that the court in *General Electric* did not address. In order to assure preservation of the federal forum, the plaintiff must also either refrain from violating the statute during the pendency of the federal action or obtain an injunction against state enforcement of the statute. The court did not have to reach this issue in *General Electric* since General Electric, unlike the present plaintiffs, did not violate the state statute at any time during the course of either the federal or state proceedings. *Id.* at 212.

█ Merely filing a federal claim before they violated the county ordinance could not provide plaintiffs with immunity from state

prosecution for post-filing violations. *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 929, 95 S.Ct. 2561, 2566–67, 45 L.Ed.2d 648 (1975) (*Younger* requires dismissal of federal action where state files criminal charges against federal plaintiff for violation of state law *after* filing of federal action). As we stated in *General Electric,* "one who decides to violate a state law that he believes to be unconstitutional may find that he has thereby submitted himself to the jurisdiction of the state courts." 683 F.2d at 213. This is true even if the violation follows the filing of the federal action. To prevent the state court action, the plaintiffs should have filed their federal action, proved standing, and either attempted to obtain an injunction against state enforcement of the ordinance or ceased operations prior to becoming an illegal use. In fact, plaintiffs conceded during oral argument that their failure to move for an injunction was a tactical error that led to the loss of their federal forum. Plaintiffs' choice of forum is not preserved merely because they filed their federal action before they violated the ordinance.

### III.

Because the quasi-criminal action will provide plaintiffs with an appropriate forum in which to raise their constitutional claims, the district court's decision to dismiss the federal action was correct. *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

The decision of the district court is affirmed.