## PAYNE v. PAYNE.

(Court of Appeals of District of Columbia. Submitted October 9, 1923. Decided February 5, 1924.)

### No. 3923.

1. **Marriage ⊜⟶50(1)—That license was secured by deceit held not to show that ceremony was performed without authority.**

   That a license was procured by deceit perpetrated on the license clerk, and that that fact was not disclosed to the celebrant, does not justify the conclusion that the marriage ceremony was performed without a license or without authority.

2. **Marriage ⊜⟶27—Minister only required to satisfy himself that license is in proper form and duly authenticated.**

   The minister who marries a couple is not put on inquiry as to whether the license has been lawfully issued, and is under no obligation to do anything more than satisfy himself that the license is in proper form and duly authenticated.

3. **Marriage ⊜⟶54—Irregularity or deceit in securing license held not to render marriage void.**

   If the clerk issued a license which he knew should not have been issued, or if either of the parties committed perjury or deceived the clerk in order to secure a license, their delinquency would not render the marriage utterly void, though it might warrant proceedings for punishment of the delinquents and the dissolution of the marriage status as voidable.

4. **Marriage ⊜⟶54—Marriage of parties over age of consent held not void.**

   Where both parties were over the age of consent, but under 21, *held*, that the marriage was not void, under Code Va. 1919, §§ 5078, 5090, though the consent of plaintiff's parents was not obtained and the license was secured by misrepresentation of their ages.

5. **Marriage ⊜⟶54—Separation immediately after ceremony held not to annul marriage.**

   That after the marriage ceremony was performed between persons under the age of 21, whose parents did not consent, the parties separated and refused to live together as husband and wife, did not annul the marriage, and it was valid and effective until set aside by a decree of a proper judicial tribunal, under Code Va. 1919, §§ 5078, 5090.

6. **Marriage ⊜⟶62—In suit for annulment, court cannot award permanent alimony.**

   Where the suit was for the annulment of a marriage, and not for a divorce, the court may allow alimony pendente lite, but has no power to award permanent alimony, which can only be awarded under Code D. C. §§ 976, 980, on divorce or wife's application for maintenance.

7. **Marriage ⊜⟶65—Decree refusing annulment fixes status of parties.**

   A decree refusing to annul a marriage fixes the status of the parties as husband and wife.

Appeal from the Supreme Court of the District of Columbia.

Suit by Suphrane Anthony Payne, by Franie Payne, his next friend, against Sitka Walton Payne. From a decree dismissing the bill of complaint, refusing to hold the marriage void, and awarding permanent alimony, plaintiff appeals. Remanded, with instructions to strike out that part of the decree relating to permanent alimony, and decree affirmed in all other respects.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Raymond M. Hudson, of Washington, D. C., for appellant.

A. L. Newmeyer and M. W. King, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. Suphrane Anthony Payne, 17 years of age, by his next friend, filed a bill on November 14, 1921, praying that his marriage to Sitka Walton Payne, on June 25, 1920, be declared illegal, and that it be set aside as null and void, on the ground that it was contracted without the consent of the parents of either party, and on a marriage license procured to be issued on the false representation that he was 21 years of age and that Sitka Walton was 18 years of age.

The answer of Sitka Walton Payne admitted the marriage, denied that it was brought about by any false or fraudulent representation, averred that Suphrane Anthony Payne was the father of her child, and prayed that the bill be dismissed, and that she be allowed a suitable sum for the support of herself and child. Upon issue joined the case came to trial, and the evidence on the part of the plaintiff tended to show that he maintained illicit relations with the defendant from November, 1919, until the 1st of April, 1920, when he ceased to keep company with her.

According to the testimony Sitka's mother called the attention of the plaintiff to the fact that her daughter was about to have a child of which he was the father, and that if he had any heart he would marry her daughter and give a name to the child. It further appeared from the evidence that plaintiff and defendant represented to the marriage license clerk that their ages were respectively 21 and 18, and that on that representation a marriage license was issued on the promise that Sitka Walton's father would consent to her marriage, which consent was subsequently filed with the clerk. The father and mother of Suphrane Anthony Payne had no knowledge of the intended marriage of their son and did not consent to such marriage.

On this evidence a motion was made by counsel for the defendant to dismiss the bill of complaint, on the ground that the marriage was not void for want of consent of the parents of the plaintiff, and on the further ground that the parties to the action were of an age which rendered them capable of consenting to the marriage relation. The court granted the motion to dismiss, and by its decree awarded to the defendant permanent alimony, counsel fees, costs, and the custody of the child born to her four months after said marriage. From that decree the plaintiff appealed, and assigns as error the dismissal of the bill of complaint, the refusal of the court to hold the marriage void, and the award of permanent alimony.

The appellant contends that the marriage was void ab initio, first, because the license was procured by fraud; second, because the license was issued and the marriage performed without the written consent of the parents; and, third, because the parties did not consummate and never intended to consummate the marriage.

[1] It is true that it was held in Offield v. Davis, 100 Va. 250, 40 S. E. 910, that a marriage in the state of Virginia without a license was invalid and void from the beginning. Assuming for the purpose of this issue only, as did the Supreme Court in Travers v. Reinhardt, 205 U. S. 423, 27 Sup. Ct. 563, 51 L. Ed. 865, that the decision in Offield v. Davis, supra, was correct, the precedent so established is wholly inapplicable to the problem submitted to us by the present appeal. In this case a license was admittedly issued, and the marriage between the parties was celebrated as authorized thereby. The license, in so far as the record shows, was executed by the proper officer and was valid on its face. If the license was issued because of a deceit perpetrated on the license clerk, that fact was not disclosed to the celebrant, and does not justify the conclusion that the marriage ceremony was performed without a license or without authority.

[2, 3] The minister of the gospel who married the couple was not put upon inquiry as to whether the license had been lawfully issued, and was under no obligation to do anything more than to satisfy himself that the document was in proper form and duly authenticated. Having done that, the celebrant was authorized to perform the ceremony. If the clerk issued a license which he knew should not be issued, or if either of the parties committed perjury or deceived the clerk in order to secure a license, their delinquency would not render the marriage utterly void, although such delinquency *might* in a proper case warrant proceedings for the punishment of the delinquents and the dissolution of the marriage status as voidable.

[4] Section 5078 of the Code of Virginia forbids the issuance of a license for the marriage of persons under 21 years of age without the consent "of the father or guardian, or if there be none of the mother of such person." Section 5090 of that Code provides that:

"In case of a marriage solemnized when either of the parties *was under the age of consent*, if they shall separate during such nonage, and not cohabit afterwards, the marriage shall be deemed void, without any decree of divorce, or other legal process. *The age of consent of the male shall be fourteen years, and of the female twelve years.*" (Italics not quoted.)

[5] As the plaintiff was 17 and the defendant 16 years of age at the time the marriage was contracted, it is evident that both of them had arrived at the age of consent when the marriage ceremony was performed, and that the marriage was not void because the parties were not of an age which permitted of their consent to the relation. In view of the fact that the statute does not declare a marriage void which has been contracted under a license issued to persons under 21 years of age without the consent of parents or guardians, and does declare that marriages contracted by the parties under the age of consent are wholly void, it is apparent that the marriage here involved was not a nullity. Browning v. Browning, 89 Kan. 98, 130 Pac. 852, L. R. A. 1916C, 737, Ann. Cas. 1914C, 1288; Reifschneider v. Reifschneider (1909) 241 Ill. 92, 89 N. E. 255; Cunningham v. Cunningham, 206 N. Y. 341, 99 N. E. 845, 43 L. R. A. (N. S.) 355. As the marriage was not void, the separation of the parties after the mar-

riage ceremony was performed did not annul the marriage. The marriage was valid and effective until set aside by the decree of a proper judicial tribunal. The plaintiff and defendant could not divorce themselves by promptly separating after the marriage and by refusing to live together as husband and wife.

[6] This suit was for the annulment of the marriage, and not for a divorce, and while the court might allow alimony pendente lite, it had no power to award to the defendant permanent alimony. Alexander v. Alexander, 36 App. D. C. 78, 84.

[7] The decree refusing to annul the marriage fixed the status of the parties as husband and wife, and the question of permanent alimony could be judicially considered only on the granting of a divorce or on application of the wife for maintenance. Sections 976 and 980 of the Code. The award to the wife of the custody of the child is not assigned as error, and whether the court had the right to so decree is not decided.

The case is remanded, with instructions to strike out of the decree that part of it requiring the payment of permanent alimony. In all other particulars the decree is affirmed, with costs.