Lawrence P. Romano & Company, Appellee, v. Baird & Warner, Inc., Appellant.

Gen. No. 34,966.

166

Opinion filed June 22, 1931.

JACOB M. SHERBAHN, for appellant.

PRUITT & GREALIS, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover $378 claimed as real estate broker's commissions for procuring a tenant for the defendant. The defendant filed an affidavit of merits denying that plaintiff had procured a tenant for defendant and

averred that defendant, a regularly licensed real estate broker, had itself obtained the tenant. The case was tried before the court without a jury, and there was a finding and judgment in plaintiff's favor for the amount of its claim, and the defendant appeals.

The record discloses that on November 19, 1930, the case was called for trial, and thereupon the defendant submitted its written motion, supported by an affidavit, that an order be entered "denying the plaintiff the right to maintain the action herein until the franchise tax, fees and penalties due to the State have been paid in full." The motion was overruled and the defendant excepted. Thereupon plaintiff introduced evidence in support of its claim and the defendant offering no evidence, there was a finding and judgment in plaintiff's favor.

The only argument made in this court is that the court erred in denying plaintiff's motion. The affidavit in support of defendant's motion was made by its counsel. It set up that "on or about November 12, 1930, this affiant inquired by letter of the Secretary of State as to whether or not the franchise tax due to the State from the plaintiff herein had been paid as required by statute; that in answer to said letter" the affiant received a letter and statement from the Secretary of State which was attached to and made a part of the affidavit. The letter is addressed to the defendant and states that in response to a letter from the defendant the Secretary of State is enclosing "herewith statement of franchise tax and penalties due" from Lawrence P. Romano & Company. The statement is dated November 13, 1930, and is in the form of a notice from the Secretary of State to Lawrence P. Romano & Company, notifying Romano & Company that under the General Corporation Act, Romano & Company owes the State a franchise tax and penalties aggregating $157.33. The notice then concludes: "In

case you wish to come to Springfield for a hearing you must notify me of this fact within ten days from the date of this notice. THIS IS THE ONLY NOTICE THAT WILL BE SENT.''

The defendant contends that the court should have sustained its motion denying plaintiff the right to maintain its action until the franchise tax was paid, and reliance is placed upon section 128, Cahill's St. ch. 32, ¶ 128. That section is as follows: ''No corporation required to pay a franchise tax or fee under the laws of this State shall transact any business in this State or maintain any action at law or suit in equity, unless such corporation shall have paid such franchise tax, or such fees and penalties when the same become due and payable until such franchise tax, fees and penalties have been paid in full.'' Before the defendant is entitled to the benefit of section 128, it must prove to the court that plaintiff was in default in the payment of a franchise tax due the State. Obviously, receiving a letter from the Secretary of State inclosing a statement of that official to the plaintiff is not evidence of that fact. The letter and statement are not evidence at all. No statute or law has been pointed out making such letter or statement evidence and we have been unable to find any. There being no evidence offered by the defendant that plaintiff was in default in the payment of this franchise tax, obviously the motion was properly denied. Moreover, even if the statement received by the defendant from the Secretary of State above referred to might be considered as being properly before the court, it did not show that the question of the amount of the penalties claimed to be due from plaintiff to the State of Illinois had been determined. The statement sent by the Secretary of State to the plaintiff advises plaintiff that it might come to Springfield for a hearing on the matter and that the document was but a notice to plaintiff that the Secretary of State was claiming there was

a certain amount due from plaintiff under the Corporation Act. The statute requires such notice. (Section 112, Cahill's St. ch. 32, ¶ 112.)

There is another reason why the defendant's motion was properly denied. It came too late. The motion was not made until the case was reached for trial on November 19, 1930. And the motion being in the nature of a plea in abatement, should be made at the earliest opportunity. The suit was brought July 1, 1930, on which date plaintiff filed his statement of claim. July 10, the defendant entered its appearance by its counsel and it was given additional time within which to file its affidavit of merits and on July 29, 1930, it filed its affidavit of merits. Nothing is set up in the affidavit of merits to the effect that plaintiff was in default in the payment of its, franchise tax and nothing appears to have been done until November 12, when defendant wrote the Secretary of State a letter. The Secretary of State replied on the next day, November 13, and inclosed a notice which he had on that day sent to the plaintiff claiming that plaintiff was delinquent in the payment of its franchise tax. Under the statute, it was the duty of the Secretary of State to give this notice much sooner to plaintiff. Section 112, Cahill's St. ch. 32, ¶ 112. If the defendant desired to interpose as a defense that plaintiff was in default in the payment of its franchise tax to the State, it should have set up that fact in its affidavit of merits, but it made no move to do so until a few days before the case was reached for trial, when it presented its motion for a discontinuance, but it made no suggestion that it be allowed to amend its affidavit of merits by setting up this additional defense.

For the reason stated the judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MATCHETT and McSURELY, JJ., concur.