## MORAN v. MORAN.
### No. 9387.

United States Court of Appeals
District of Columbia.

Argued March 5, 1947.

Decided March 31, 1947.

Mr. Joseph J. Malloy, of Washington, D. C., with whom Messrs. Martin Mendelsohn and Benjamin Prager, both of Washington, D. C., were on the brief, for appellant.

Mr. Louis Ginberg, of Washington, D. C., with whom Messrs. Dorsey K. Offutt and Joseph P. Smyth, both of Washington, D. C., were on the brief, for appellee.

Before STEPHENS, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellee, Mary M. Moran, sued appellant, John E. Moran, for annulment of their marriage. Trial was had and the court granted her a decree. Incorporated in the decree by reference to a copy said to be annexed thereto, was an agreement between the parties. The agreement provided that John Moran would pay Mary Moran $50 a month for her support and

---

[6] 327 U.S. 220, 66 S.Ct. 556.

[7] 49 App.D.C. 237, 263 F. 633.

maintenance, until the death of the parties or her remarriage, and would pay the rent for eight months on a leased apartment, in which Mary Moran could continue to live; adjustments of the monthly payments were provided in the event of increases, decreases or cessation of his income; Mary Moran released all dower claims in any property owned by John Moran and agreed to convey to him by proper deed all her right, title and interest in and to two improved pieces of real estate, 4413 River Road and 428 Randolph Street, Northwest; and John Moran acknowledged an indebtedness to Mary Moran for money advanced, and agreed to repay it in monthly payments. The court characterized the agreement as "settling the property rights of said parties and providing for the payment of support of said plaintiff". No appeal was taken. All the foregoing occurred in 1939 and 1940.

It appears that no copy of the contract was actually attached to the decree, and no attention was paid to the provision which incorporated the contract, until 1944, when a motion to require John Moran to file a copy was made on behalf of Mary Moran, and was granted by the court. Again nothing further seems to have occurred, and no copy was filed, until 1946. Then John Moran moved the court to vacate that part of the original decree which incorporated therein the contract. And Mary Moran moved the court for a judgment of default for non-payment of the "installments" due under the agreement made part of the decree, and for a money judgment for arrears. The court took testimony, denied his motion and granted hers, entering judgment for her for $3,200 as arrears in the payments due her. From those orders John Moran appealed.

Appellant's objections are directed at the decree of 1940, because, if that decree be valid, the orders of 1946 requiring compliance with it are valid. Objections to that decree are long since barred, unless the court was without jurisdiction to enter it. Appellant says such jurisdiction was lacking as to that part of the decree which incorporated the contract, because the contract was for alimony and the court lacked power to decree alimony in an annulment proceeding.[1]

The controversy presents a number of interesting questions, but one is decisive and we need not discuss the others. The court in 1940 had power in the annulment proceeding to settle the property rights of the parties, even if there had been no agreement.[2] The contract between the parties did settle property rights. She agreed to deed to him all her interest in two improved parcels of real estate. He agreed to pay her $50 a month, more or less. His point now is that he can prove that the agreement was for alimony and not property settlement. But that is a question which was open upon the original trial. If evidence upon it had been presented then, the court might or might not have determined that part, or all, of the consideration agreed to be paid by John Moran was in excess of the contemplated consideration for the property transfer. Certainly the court would have had power to determine that question, clearly involved in the case properly before it.

So the full extent of the error, if any, of the court in 1940 was in decreeing a sum over and above the amount of the property settlement itself. Such an error, if it was made, did not oust the court of jurisdiction to enter the decree. The parties and the property were properly before the court. The court had jurisdiction of this class of cases. It had specific authority to decree settlement of property rights. That, guided by an agreement of the parties, it might have decreed too much as the consideration for the property transferred, does not per se void the decree. If John Moran had an objection, he should have noted it then.

The difference between "jurisdiction", meaning the power of the court to entertain the action or to render any judgment therein, and "jurisdiction" loosely referring to the power of the court to enter a particular judgment upon the merits,

[1] Alexander v. Alexander, 1910, 36 App.D.C. 78, 84; Payne v. Payne, 1924, 54 App.D.C. 149, 295 F. 970.

[2] D.C.Code 1940, § 16—409.

is well established.[3]  Lack of power to enter a wrong judgment is remediable upon appeal; and if the judgment, even though erroneous, is not appealed within the time allowed, it is res judicata of the issues involved.  The present case would fall within that rule even if the 1940 judgment were erroneous, which point we do not consider.

Affirmed.

[3] In re Stuart, 1940, 72 App.D.C. 389, 397, 114 F.2d 825, 833; National Ben. Life Ins. Co. v. Shaw-Walker Co., 1940, 71 App.D.C. 276, 284, 111 F.2d 497, 505; Stoll v. Gottlieb, 1938, 305 U.S. 165, 171, 59 S.Ct. 134, 83 L.Ed. 104; Swift & Co. v. United States, 1928, 276 U.S. 311, 324, 48 S.Ct. 311, 72 L.Ed. 587; General Inv. Co. v. New York Cent. R. Co., 1926, 271 U.S. 228, 230, 46 S.Ct. 496, 70 L.Ed. 920; Walling v. Miller, 8 Cir., 1943, 138 F.2d 629.