398

## CARR v. CARR.
### Civil Action No. 2193—48.

United States District Court
District of Columbia.

Feb. 10, 1949.

R. E. Lee Goff, of Washington, D. C.,
for plaintiff.

Jacob Sandler, of Washington, D. C., for
defendant.

TAMM, Judge.

This is an action for the annulment of the marriage of plaintiff and defendant on the grounds of misnomer and failure of consummation. The evidence adduced at the trial of this cause shows that the infant plaintiff was born March 11, 1929, about two months after the death of her father. On July 4, 1931, plaintiff's mother married a Mr. McCauley and from that time on the plaintiff always used the name of her stepfather, McCauley, as her own name, even using it in school, although no formal adoption proceedings had ever been instituted.

On March 16, 1948, plaintiff, using the name McCauley, and defendant were married in Elkton, Maryland, following which plaintiff returned to the home of her parents and the defendant returned to his home. The parties to this marriage contract never cohabited as husband and wife and there was no evidence adduced at the trial as to the reason therefor. This annulment action was instituted May 27, 1948.

Since this marriage took place in Maryland, the laws of that State must govern this Court in determining whether a cause for annulment has been proved herein.[1]

It does not appear that the use of an assumed name, or failure of consummation is a sufficient basis for granting an annulment in Maryland. Equity Courts in that State exercise jurisdiction to grant annulments as an incident to their power to reform and rescind contracts.[2] Thus upon proper proof annulments may be granted for lack of contractual intention,[3] duress, fraud and deceit,[4] insanity,[5] and intoxication,[6] but marriage contracts will not be

[1] Hitchens v. Hitchens, D. C., 47 F. Supp. 73; Restatement Conflict of Laws § 115; see also Payne v. Payne, 1924, 54 App.D.C. 149, 295 F. 970.

[2] Wimbrough v. Wimbrough, 1915, 125 Md. 619, 94 A. 168, Ann.Cas.1916 E, 920; Ridgely v. Ridgely, 1894, 79 Md. 298, 29 A. 597, 25 L.R.A. 800.

[3] Brooke v. Brooke, 1883, 60 Md. 524.

[4] Corder v. Corder, 1922, 141 Md. 114, 117 A. 119.

[5] Elfont v. Elfont, 1932, 161 Md. 458, 157 A. 741.

[6] Montgomery v. U'Nertle, 1923, 143 Md. 200, 122 A. 357.

dissolved except for the soundest of reasons and upon the strictest of proof.[7]

 In the case before the Court there was no lack of contractual intention but thereafter the parties, for some reason undisclosed to the Court, decided not to carry out the terms of the marriage contract. There was no fraud or deceit practiced by either of the parties, although as set forth heretofore, the plaintiff did not use her legal name in the marriage contract. They intended to marry each other and the mere fact that plaintiff used the name of her step-father in procuring the license and in being married—which name she had used all of her life—was of no legal consequence under Maryland law. As stated in Brooke v. Brooke, supra, "It was the person, and not the name, who was married."

This has long been the rule of law both in this country as well as in England. In the early English case of Clowes v. Jones (1842) 3 Curt.Eccl.Rep. 185, a libel in a suit by a husband for nullity of marriage, by reason of fraud in obtaining a license, was rejected on the ground that there was no error de persona, although in the license the wife was wrongly named. The English Courts have held otherwise if one of the parties assumed a false name to enable him or her to contract marriage and to conceal from or impose upon the other party, since this constitutes a fraud at the inception of the marriage relation.[8]

In Nelson on Divorce, Vol. 3, § 31.34, is found the following general statement on the law on this point:

"In a proper case, an annulment may doubtless be had for misrepresentation or mistake as to the identity of the other party where, as a result thereof, the party seeking annulment was caused to marry one other than his or her intended spouse; the situation being one of false impersonation or mistake as to the identity of the person married, and not a mere misrepresentation or mistake as to such matters as his or her name, origin or qualities.

"But generally, in this country, an annulment cannot be obtained merely because of the fact that a party was living or married under an assumed name, or by reason of the misrepresentation of his or her name."

This is undoubtedly a case where this young couple married in haste and have now repented of their actions. As to this the Maryland Court in the case of Samuelson v. Samuelson, 155 Md. 639, 642, 142 A. 97, 99, has stated:

"* * * the case seems to be one, not of an uncompleted, qualified marriage, but of marriage taken more lightly than the law permits, and now repented. * * * It is not to be expected that this will be the last instance of hasty, impulsive marriage, but the recurrence of such things seems to render it none the less necessary for the law to insist that marriages shall stand, and not be nullified, except with caution, and only upon clear, satisfactory proof of recognized grounds of nullification. The courts are not authorized to annul them merely because it may seem well for the particular parties before them."

The complaint for annulment will, therefore, be dismissed and counsel will present appropriate order.

[7] Behr v. Behr, 181 Md. 422, 30 A.2d 750.

[8] Heffer v. Heffer, (1812) 3 Maule & S. 265, 105 Eng. Reprint 611. See also Corder v. Corder, 1922, 141 Md. 114, 117 A. 119; Brown v. Scott, 1922, 140 Md. 258, 117 A. 114, 22 A.L.R. 810.