## METROPOLITAN OPERA ASS'N, Inc. v. METROPOLITAN OPERA ASS'N OF CHICAGO, Inc., et al.

### No. 43 C 301.

United States District Court
N. D. Illinois, Eastern Division.

Sept. 12, 1949.

Haight, Goldstein & Hobbs, Chicago, Ill., for plaintiff.

Russell & Bridewell, Chicago, Ill., for defendants.

HOLLY, District Judge.

Defendant has filed its motion to vacate the judgment entered herein on the second day of December, 1949, forbidding defendant the use of the name "Metropolitan". It urges that the Court had no jurisdiction to hear or determine the issues in the case.

Plaintiff is a corporation organized under the laws of the State of New York. The Statutes of the State of Illinois, Ill.Rev. Stat.1947, c. 32, § 157.102 et seq. provide that a foreign corporation before conducting any affairs in this state shall procure a certificate of authority to do business therein and that no foreign corporation to which the Act is applicable and which is conducting affairs in this State without a certificate of authority shall be permitted to maintain any action in any court of this state until such corporation shall have obtained such certificate of authority. The Act further provides that the failure of the foreign corporation to obtain a certificate of authority to conduct its affairs in this state "shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action * * * in any court of this State." Ill.Rev.Stat.1947, c. 32, § 157.125. Plaintiff has never obtained a certificate authorizing it to do business here.

Defendant relies upon the case of Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235. In that case the respondent, a foreign corporation, had brought suit to recover certain real estate commissions on business done by it in Mississippi without complying with a statute of the state requiring a foreign corporation

to file a written power of attorney designating an agent upon whom service of process might be had and barring a suit in its courts by a corporation which had not complied with the requirements of the statute. The Supreme Court held that as the foreign corporation would not be permitted to bring or maintain a suit in the state courts it was barred from the federal courts. However, though plaintiff might not have maintained its suit in this court if the question had been presented to the court on the trial, the Court was not lacking in jurisdiction to hear and determine the case presented to it. There was diversity of citizenship required for jurisdiction under the Judicial Code and the amount involved exceeded $3,000. The Court therefore had jurisdiction to hear and determine any issues presented by the parties and its judgment, though it might be erroneous, was not void. General Investment Company v. New York Central R. Co., 271 U.S. 228, 46 S.Ct. 496, 70 L.Ed. 920; Jackson v. Irving Trust Company, 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297; Walling v. Miller, 8 Cir., 138 F.2d 629; Moran v. Moran, 82 U.S.App.D.C. 107, 160 F.2d 925.

In the latter case the court stated clearly the difference between lack of jurisdiction and mere power to grant a particular judgment order to entertain any action as follows, 160 F.2d see pages 926 and 927. "The difference between 'jurisdiction', meaning the power of the court to entertain the action or to render any judgment therein, and 'jurisdiction' loosely referring to the power of the court to enter a particular judgment upon the merits, is well established. Lack of power to enter a wrong judgment is remediable upon appeal; and if the judgment, even though erroneous, is not appealed within the time allowed, it is res judicata of the issues involved."

Even had this action been brought in the State Court and had the defendant failed to raise the question the judgment would not have been void, but could have been enforced were no appeal taken. Emcee Corp. v. George, 293 Ill.App. 240, 12 N.E.2d 333; Romano & Co. v. Baird & Warner, 262 Ill.App. 165.

In the case last cited the court held that when the defense was interposed just before trial, though the case had been long pending, the court would not even consider it.

Further, defendants filed a counterclaim herein in which they asked " * * * that this Court declare its judgment as to whether or not defendant and counterclaimant has a right to the use of the name that had been assigned to it by the office of the Secretary of State of the State of Illinois, under which it was conducting business and which the plaintiff sought to enjoin." The statute which defendant relies on expressly provides that failure of a foreign corporation to obtain a certificate of authority to conduct its affairs in the state shall not prevent such corporation from defending any action in any court of this State. The same relief which plaintiff prayed in its complaint could have been given upon the determination of the issues presented in the counterclaim.

The motion of defendant to vacate the judgment and quash the writ of injunction will be denied and an order accordingly will be entered on September 12, 1949, at 10:00 A.M.

Plaintiff may prepare and present a draft order.