## RAIMONDE v. PURCELL et al.

### No. 845.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 26, 1949.

Decided Oct. 7, 1949.

Lester D. Reber, Washington, D. C., for appellant.

Thomas X. Dunn, Washington, D. C., (O'Donoghue, Dunn, Mills & Walsh, Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant filed a complaint alleging he had entered into a contract to purchase a rooming house business (copy of the contract was attached to the complaint) for a total price of $4,350, $2,075 payable in cash and the balance in deferred payments; that the contract stipulated that it was "Subject to the purchaser securing a transfer of the existing lease, or the deposit made shall be refunded and the contract marked null & void"; that in reliance upon the terms of the contract appellant paid $2,075 and entered into possession of the rooming house; that after taking possession he demanded from the seller the lease for the premises but the seller refused to give said lease and the agent for the owner of the premises informd appellant he would under no circumstances be recognized as lessee; that appellant then rescinded the contract and demanded that the seller refund the

$2,075 but the seller failed to do so; and that by reason of the seller's failure to transfer the lease appellant was unable to sell the business and suffered damages thereby of $900. Appellant sought judgment against the seller for $2,975.

In the same complaint appellant joined as defendants the brokers, who as agents for the seller negotiated the contract and received a commission therefor. According to appellant's brief his claim against the seller is in contract whereas his claim against the brokers is in tort for deceit. The only allegation of misrepresentation is that prior to execution of the contract the brokers represented to appellant that there was then in existence a three-year lease of the premises which would be transferred to appellant when the contract was made and the purchase price paid. It is alleged this representation was untrue and that the lease to the seller was drawn four days after the signing of the sales contract. It was also alleged that appellant relied on the representation and was thereby induced to enter into the contract. The complaint further alleged that the brokers "are legally liable for the failure to return to plaintiff herein the sum of $2,075 and for the said additional damages sustained by him in the amount of $900," and judgment for those amounts was sought against the brokers.

On motion the trial court dismissed the complaint as to the brokers for failure to state a claim upon which relief could be granted. This appeal is from that order.

■ We think the action of the trial court was correct. The only charge of misrepresentation on the part of the brokers is the allegation that they represented to appellant prior to his signing the contract that a three-year lease of the premises was in existence which would be transferred to appellant when he signed the contract and paid the purchase price. Assuming that this constituted a false representation despite the lack of allegation as to the terms of the alleged lease, the parties to it, or by whom it was to be transferred, and assuming that appellant was entitled to rely on it despite the fact that the contract he signed did not bind anyone to transfer the

lease to him but merely provided that the contract was subject to appellant "securing a transfer of the existing lease," nevertheless the complaint fails to state an actionable case of deceit. There is no allegation that the representation was made with knowledge of its falsity, or with reckless disregard of the truth, or with intent to deceive. Therefore there was lack of a material allegation. Chanin v. Chevrolet Motor Co., 7 Cir., 89 F.2d 889, 111 A.L.R. 1235; Curacao Trading Co., Inc., v. William Stake & Co., Inc., D.C.S.D.N.Y., 2 F.R.D. 308; 37 C.J.S., Fraud, §§ 83, 84; 24 Am.Jur., Fraud and Deceit, § 247.

■ Furthermore, the only damages alleged in the complaint and for which judgment is sought against the brokers are those alleged to have resulted from a breach of the contract. The sum of $2,075 is claimed as a refund due because the contract failed for lack of transfer of the lease and the sum of $900 is claimed as damages resulting from failure to transfer the lease. The cash of $2,075 was not paid to the brokers but to the seller and the brokers are not liable for its refund. The $900 are alleged damages from the failure to transfer the lease but nowhere is it alleged that the brokers or the seller had authority or power to transfer the lease. The only inference reasonably drawn from the complaint is that the owners of the premises who gave a lease to the seller refused to consent to its assignment to appellant and refused to recognize appellant as a tenant, but it is not alleged that this resulted from the brokers' misrepresentation. The allegation with respect to the brokers' misrepresentation is that thereby appellant was induced to enter into the contract. The damages claimed are alleged to have resulted not from entering into the contract but from breach of the contract. Appellant has attempted by suing the brokers in tort to hold them responsible for breach of the contract to which the brokers were not parties and for the breach o: which (if there were a breach) they were not responsible. Complaint as to the brokers was properly dismissed.

■ Appellant further contends that it was error for the trial court to consider or grant the motion to dismiss because prior thereto an entry of default had been taken against the brokers and their motion to set aside the default had not been heard or decided. When the motion to dismiss was heard appellant argued the merits of the motion and did not object to proceeding with the hearing because of the pendency of the other motion. This constituted a consent to the hearing of the motion to dismiss and a waiver of the right to insist that the other motion be disposed of first.

Affirmed.