### ROWE v. ROWE.
### Civ. A. No. 139–49.

United States District Court
District of Columbia.

March 22, 1951.

H. P. Long, Washington, D. C., for plaintiff.

Mark P. Friedlander, Washington, D. C., for defendant.

TAMM, Judge.

Defendant filed a motion to have the plaintiff adjudicated in contempt of Court for failure to comply with an order for maintenance entered in this case on May 17, 1950 and for a money judgment for arrearage due under said order.

Plaintiff originally brought this action to annul the marriage relation of the parties. Judgment for annulment of the marriage was entered; the defendant was awarded custody of the two minor children, and plaintiff was ordered to pay $75.00 a month for the support and maintenance of the children. This order was entered on May 17, 1950.

Plaintiff opposed the motion for contempt and judgment for arrearage alleging that the Court does not have jurisdiction to award maintenance in an action in which the Court has annulled a marriage. The defendant in a Memorandum in Behalf of Defendant withdrew her request that plaintiff be adjudicated in contempt, and prayed that the Court only enter judgment for arrearage due.

The plaintiff alleged that this Court has no jurisdiction to enter judgment for arrearage for the reason that the Court

lacked jurisdiction to award what the plaintiff insists on calling "alimony" in the judgment annulling the marriage. The Court did not in that proceeding award alimony. The judgment clearly specifies that the $75.00 a month is for maintenance of the children, and there is no basis whatsoever for characterizing this award as "alimony."

A Court of equitable jurisdiction has authority to protect the interests of minor children. The care, custody and maintenance of minor children may be protected by the Court, irrespective of considerations affecting the status of father and mother, and constitutes a paramount interest of the state. See Emrich v. McNeil, 1942, 75 U.S.App.D.C. 307, 126 F.2d 841, 146 A.L.R. 1146; Wedderburn v. Wedderburn, 1917, 46 App.D.C. 149; Slack v. Perrine, 1896, 9 App.D.C. 128.

The Court, therefore, grants judgment for arrearage in the sum of $322.50.

The Court could predicate its decision in this cause on another basis. Under the decision of Moran v. Moran, 1947, 82 U.S.App.D.C. 107, 160 F.2d 925, plaintiff has waived any right he may have had to object to the award of maintenance for the minor children entered on May 17, 1950. He, therefore, has no standing at this time to question the validity of that judgment.