### RAIMONDE v. PURCELL et al.

#### No. 1318.

Municipal Court of Appeals
District of Columbia.

Argued March 9, 1953.

Decided March 31, 1953.

---

Lester D. Reber, Washington, D. C., for appellant.

Thomas X. Dunn, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The parties are here for the second time in a suit claiming damages against a broker for alleged misrepresentations in connection with the purchase of a rooming house business from a man named Irvin.

In March, 1949 Raimonde, appellant here, filed his first suit naming as defendants the vendor Irvin and the brokers Purcell and Keach. (Irvin was not served with process and the case proceeded against the brokers alone.) In his complaint Raimonde alleged that the brokers had induced him to enter into the contract on the representation that a lease on the premises would be transferred to him. The contract between Irvin and Raimonde (which was made part of the complaint) contained this provision:

"Subject to the purchaser securing a transfer of the existing lease, or the deposit made shall be refunded and the contract marked null and void."

The complaint recited that the lease was not transferred and that Raimonde then rescinded and turned the business back to Irvin. Challenging the sufficiency of the complaint, defendants filed a motion to dismiss. The motion was granted and on appeal we affirmed. Raimonde v. Purcell, D. C.Mun.App., 68 A.2d 678. We held that the complaint did not state a cause of ac-

tion in deceit against the brokers because, "There is no allegation that the representation was made with knowledge of its falsity, or with reckless disregard of the truth, or with intent to deceive. Therefore there was lack of a material allegation." Pointing out that the only damages claimed were those resulting from a breach of the contract and not because plaintiff entered into the contract, we also held that Raimonde could not recover against the brokers because they were not parties to the contract between him and Irvin and were not responsible for Irvin's alleged breach of contract in failing to transfer the existing lease, and also because the cash down payment had been paid to Irvin and not to the brokers.

After our decision Raimonde took no further steps in the trial court, either by seeking leave to file an amended complaint or otherwise. Instead, some fifteen months later he filed a new suit naming the brokers as sole defendants. In the new action he alleged that defendants with intent to deceive plaintiff and induce him to enter into the contract falsely represented that the premises were rented to Irvin under a written lease; that the leasehold interest of Irvin was assignable and would be assigned to plaintiff in the event he purchased the business; that these representations were material and plaintiff relied on them; plaintiff paid the agreed down payment of $2,075 and entered into possession. It was further alleged that the premises were not subject to an assignable lease nor was a leasehold interest assigned or transferred to plaintiff. Comparison discloses that the complaint in the new action differs from that in the first in only one material respect: the allegations as to false representations and defendants' intent to deceive have been made more specific. Otherwise the same cause of action was restated and, as we have seen, Raimonde rescinded, and returned the business to the seller, Irvin.

Defendants moved to dismiss before trial on the ground of res judicata, which motion was denied. At the close of the evidence defendants renewed the motion. Holding that our decision in the first ap-

peal had finally settled the matter, the trial judge directed the jury to return a verdict for defendants. Purchaser Raimonde now brings this second appeal.

■ Arguing that the trial judge committed error in directing a verdict against him Raimonde refers to certain testimony which he claims entitled him to a recovery. But the record he has brought here contains no part of the testimony, either in the form of a stenographic transcript or a narrative statement. Hence we have nothing before us from which we can make any ruling as to that alleged error and there seems to be no escaping the fact that appellant has failed in his primary duty of affirmatively establishing error. Slater v. Cannon, D.C.Mun.App., 93 A.2d 92.

■ Appellant also contends that it was error to direct a verdict because there was then before the court only a renewal of the motion to dismiss the complaint. But having decided, after all the evidence was in, as a matter of law that plaintiff had no case, the judge's ruling could properly take the form of an instructed verdict; indeed this would seem to be the only practical way of removing the case from the jury's consideration. However, even if we were to assume that this much of appellant's argument is technically correct there was still a complete lack of any prejudice to him because in our view the trial judge was required to apply the law of res judicata.

Appellant argues that neither the ruling of the trial court nor our decision in the first case was an adjudication on the merits. He attempts to construe our opinion as "a mandate to appellant's counsel to rectify the appellant's pleadings if he would elect to pursue an action for deceit." We are not aware that our decision contained any such implied mandate. Moreover, as we have already seen, appellant made no move in the trial court to "rectify" the pleadings by amendment. And when he elected to file a completely new action he ran afoul the prior adverse decision of the controversy.

Thus the principal difficulty with appellant's position is that the essence of the two suits is exactly the same. Both were in tort on the same transaction, based on the identical contract. Therefore, appellant is squarely met by Municipal Court Civil Rule 41(b) [1]—"Unless the court in its order for dismissal otherwise specifies, a dismissal * * * other than a dismissal for lack of jurisdiction, *operates as an adjudication upon the merits.*" (Emphasis supplied.) The first condition of the rule was not met or attempted to be met and the consequence is that the decision became "an adjudication upon the merits" and settled the rights of the parties as firmly as if there had been an actual trial of the issues in the first case. The matter became res judicata and was a bar to further litigation between the parties on the merits. That consequence was not avoided by waiting fifteen months after the decision in this court was rendered and then filing a new action for the same alleged wrong. American Nat. Bank & Trust Co. v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571; Mitchell v. David, D.C.Mun. App., 52 A.2d 125, and cases there cited; Restatement, Judgments, sec. 45; Hankin v. Spilker, D.C.Mun.App., 72 A.2d 45. This last decision was reversed in Spilker v. Hankin, 88 U.S.App.D.C. 206, 188 F.2d 35, the court holding that on grounds of public policy, because of the fiduciary relation of attorney and client, a judgment on one of a series of notes should not preclude the client from defending on legal or equitable grounds against a subsequent suit brought on other notes in the series. But the court upheld the general rule that there is no reason why res judicata should not apply where one voluntarily appears, presents his case, and is fully heard. Here there are no overriding or competing considerations of public policy, as there were in that case.

Affirmed.

1. Essentially the same as F.R.Civ.Proc. Rule 41(b), 28 U.S.C.A.