**DE FOE v. NATIONAL CAPITAL BANK.**

**No. 1347.**

Municipal Court of Appeals for the District of Columbia.

Argued May 18, 1953.

Decided June 11, 1953.

Victoriano A. DeLeon, Washington, D. C., for appellant.

Dexter M. Kohn, Washington, D. C., Lewis Jacobs, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Almost two years ago appellant filed a motion in Municipal Court to vacate a purported consent judgment which had been entered December 12, 1949. The motion was denied and she then filed a motion for rehearing thereof. The motion for rehearing was also denied. Then followed a motion to reconsider the denial of a rehearing of the motion to vacate. This last motion was also denied and thereupon the case was brought to this court for review. (In that appeal and in the proceedings in the trial court Eva P. DeFoe was joined by her daughter, Geraldine DeFoe. This appeal, though first noted in the names of both defendants, is being prosecuted by counsel in behalf of Eva P. DeFoe alone.)

In the former appeal appellee moved to dismiss and we heard arguments on the motion as well as on the merits of the appeal. We ruled that when the trial court denied the motion for rehearing of the motion to vacate, the time for noting an appeal commenced to run and that such time was not extended under our Rule 27(d) "by the filing of a motion to reconsider action taken on a previously filed and decided motion." We said, "The reason is obvious. A party should not be allowed to indefinitely extend the time for appeal by the filing of successive motions." We quoted from Randolph v. Randolph, 91 U.S.App.D.C. 170, 198 F.2d 956, as follows: "'A motion for rehearing of a motion to set aside verdict and judgment, and a motion for rehearing of a motion for a new trial are not motions that extend the time for appealing * * *.'" Accordingly we ordered the appeal dismissed. DeFoe v. National Capital Bank of Washington, D.C.Mun.App., 90 A. 2d 242, 243.

Petition for allowance of appeal from our decision was filed in the United States Court

of Appeals and was on October 3, 1952 denied (No. 11,533 in that court). This was followed by a motion for reconsideration of such denial, and said motion was denied October 30, 1952.

On January 5, 1953 appellant filed in the Municipal Court a new motion to vacate the original judgment on the ground that "the court lacked jurisdiction of the person of this defendant when the said judgment was entered." The motion was argued and after briefs were submitted by both parties the Municipal Court entered an order denying the motion to vacate. Appellant has again brought the case here for review. Appellee has moved to dismiss on the ground that this appeal is an attempt to relitigate the matters passed on in our former opinion.

Counsel for both parties have argued the motion in open court and we have studied the memoranda submitted by them. The position taken by counsel for appellant is that "the previous action was based on fraud and deceit" while "the present action is based on lack of jurisdiction." Necessarily he refers to the respective motions to vacate. In his brief he assigns as error the action of Municipal Court in assuming jurisdiction of defendant, the entry of the consent judgment on December 12, 1949, and the denial on March 3, 1953 of the latest motion to vacate.

The decisive question is . whether after the trial court had refused to vacate the judgment and after defendant had failed to obtain a reversal in two appellate courts she had a right to again open up the proceedings by a new motion. We think the question must be answered by applying the rule of *res judicata,* that whether appellant raised the question of jurisdiction in her earlier motions or not, she could have raised it and hence is barred from asserting it now. Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; Cory v. Commissioner of Internal Revenue, 3 Cir., 159 F.2d 391; Sewerage Commission v. Activated Sludge, Inc., 7 Cir., 81 F.2d 22; Raimonde v. Purcell, D.C.Mun.App., 95 A.2d 590, and cases there cited.

But our decision need not rest on that ground alone, since it clearly appears that the question of jurisdiction was in fact raised by appellant in the original proceedings. The record shows that in a stipulation filed two years ago appellant's position was clearly stated as contending that the judgment was void and that process had not been served upon her. In an affidavit filed January 30, 1952 in connection with her motion for rehearing she specifically raised the question of jurisdiction. And it is clear beyond question from the stenographic transcript of the hearing on the motion for rehearing that appellant again specifically raised the question of lack of jurisdiction and the failure to serve process upon her. She has no right now to have that question litigated anew. Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054; Moran v. Moran, 82 U.S.App.D.C. 107, 160 F.2d 925; Raimonde v. Purcell, supra.

Appeal dismissed.