# District of Columbia
# Court of Appeals

**No. 15-FM-379**

GWENDOLYN LITTMAN,

Appellant,



v.

**DRB-3197-03**

ANDREW CACHO,

Appellee.

On Appeal from the Superior Court of the District of Columbia
Family Division

BEFORE: FISHER and BECKWITH, *Associate Judges*; and NEWMAN, *Senior Judge*.

## J U D G M E N T

This case was submitted to the court on the record on appeal and the briefs filed, and without presentation of oral argument. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the Modification Order is vacated, and the July 2013 Custody Order is reinstated.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: July 21, 2016.

Opinion by Senior Judge Theodore R. Newman.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-FM-379

GWENDOLYN LITTMAN, APPELLANT,

v.

ANDREW CACHO, APPELLEE.

FILED 7/21/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
Of the District of Columbia
(DRB-3197-03)

(Hon. Craig Iscoe, Trial Judge)

(Submitted April 15, 2016                                    Decided July 21, 2016)

*Gwendolyn Littman*, Pro Se.

No brief was filed for appellee.

Before FISHER and BECKWITH, *Associate Judges*, and NEWMAN, *Senior Judge*.

NEWMAN, *Senior Judge*: On July 12, 2013, the trial court issued its Second Amended Findings of Fact, Conclusions of Law, and Order of Permanent Custody (the "July 2013 Custody Order"), which provided, *inter alia*, that appellant Gwendolyn Littman would have "reasonable rights of visitation [with her grandson A.L.], to be arranged by the parties, and to include overnight visitation by

agreement of the parties." Subsequently, the trial court terminated Littman's visitation rights with A.L. in its Order Modifying "Second Amended Findings of Fact, Conclusions of Law, and Order of Permanent Custody" (the "Modification Order"). In this appeal, Littman claims that the trial court erred as a matter of law in terminating her visitation rights with A.L. and asks us to "reverse the trial [c]ourt and rule in her favor." We hold that the trial court relied on erroneous legal principles and therefore abused its discretion in terminating Littman's visitation rights. Consequently, we vacate the Modification Order and reinstate the July 2013 Custody Order.

## I. Facts

A.L. was born in April of 2002, after which he lived with his mother and Littman. His mother passed away in October of 2003, and on November 14, 2003, Littman successfully sought a court order for custody of A.L.[1] A.L. continued to live with Littman until February of 2004, when custody was transferred to his father, appellee Andrew Cacho, by court order.[2] With Cacho's consent, Littman

---

[1] Littman also sought custody over six of A.L.'s siblings.

[2] The record is unclear on what A.L.'s actual living situation was after Cacho obtained custody over him.

filed a motion to modify custody on November 19, 2004, and regained custody over A.L. pursuant to a March 4, 2005, court order. Cacho later sought to modify the order granting Littman custody of A.L., filing two motions—one on February 21, 2006, and the other on March 16, 2007—to modify custody. After more than seven years of litigation on the motions, during which A.L. remained in Littman's custody while visiting with Cacho, the court ultimately granted the motions and, in its July 2013 Custody Order, awarded Cacho primary physical and sole legal custody of A.L., with "reasonable rights of visitation, to be arranged by the parties, and to include overnight visitation by agreement of the parties" to Littman.

A little over a year later, Littman filed the first of several motions for contempt, alleging that Cacho refused to allow her to see A.L. in violation of the July 2013 Custody Order. In response, the trial court issued an Order Scheduling Hearing, in which the court set a hearing date for Littman's motion for contempt[3] and informed the parties that it would "also address [at the hearing] whether Ms.

---

[3] Prior to the eventual hearing, Littman filed two additional motions for contempt, one of which was labeled as an "Emergency" motion. The trial court held an *ex parte* hearing to determine if an emergency existed, found there was none, and postponed further argument until the scheduled hearing on Littman's original motion for contempt.

Littman's visitation rights should be terminated as inconsistent with Mr. Cacho's parental rights."

As for why it was considering terminating Littman's visitation rights, the court explained that it had doubts about whether the July 2013 Custody Order complied with the requirements of the District's third party custody statute. The court noted that the statute (a) provides the only circumstances in which the court can "order a parent to allow visitation by a third party"; (b) establishes that, absent parental consent to third party custody, "there is a rebuttable presumption . . . that custody with the parent is in the child's best interests"; and (c) requires a third party seeking custodial rights to rebut the presumption of parental custody by clear and convincing evidence before the court may grant custodial rights to the third party. Despite this statutory requirement, the court observed that the order granting Littman visitation with A.L. "does not include an express finding that Ms. Littman rebutted the presumption of parental custody by clear and convincing evidence," an omission the court considered significant enough to raise serious doubts about the validity of the July 2013 Custody Order insofar as it granted Littman visitation with A.L.[4]

---

[4] As we explain below, the trial court did not rely on these grounds for its decision to terminate Littman's visitation rights. We therefore need not consider

(continued…)

At the eventual hearing on Littman's motions for contempt, the trial court followed through on its plan to address the validity of its prior order granting Littman visitation with A.L. Citing this court's decision in *Ruffin v. Roberts*, 89 A.3d 502 (D.C. 2014), the trial court stated that it "does not have authority to order third-party visitation" and thus that "there cannot be third-party visitation ordered in this case." Consequently, the court orally denied Littman's motions for contempt "because contempt of Court is for willful violation of a lawful court

---

(…continued)
whether, despite principles of res judicata and finality, these would be proper grounds for reconsidering a final order of the court granting Littman visitation rights—an order that Cacho declined to appeal to this court notwithstanding its "claimed" legal infirmity. *See Moran v. Moran*, 160 F.2d 925, 927 (D.C. Cir. 1947) ("Lack of power to enter a wrong judgment is remediable upon appeal; and if the judgment, even though erroneous, is not appealed within the time allowed, it is res judicata of the issues involved."); *cf.* D.C. Code § 16-831.11 (a) (2012 Repl.) ("An award of custody to a third party under this chapter may be modified upon the motion of any party, or on the court's own motion, *upon a determination that there has been a substantial and material change of circumstances and that the modification or termination is in the best interests of the child.*" (emphasis added)). Nor do we need to decide whether this Modification Order meets due process notice requirements since we vacate the decision on other, non-constitutional grounds. *See In re N.N.N.*, 985 A.2d 1113, 1122 (D.C. 2009) ("An essential ingredient 'of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' Notice *must reasonably convey the necessary information . . . .*" (emphasis added) (internal citations omitted) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 315 (1950))).

order" and "[i]n this case, the court order is not lawfully imposed."[5] Thereafter, consistent with its discussion at the hearing, the trial court issued a written order in which it held, based on *Ruffin*, that "it is without authority to require defendant-father Mr. Cacho to allow third-party Gwendolyn Littman visitation with [A.L.]" and ordered that "Littman is no longer entitled to Court-ordered visitation with [A.L.]" Littman timely filed a notice of appeal.

## II. Discussion

### A. Standard of Review

Littman claims on appeal that the trial court improperly applied this court's decision in *Ruffin* to terminate her visitation rights. She argues that we should review her claim *de novo*, as it raises a question of law. Ordinarily, "[w]e will only reverse a trial court's order regarding child custody upon a finding of manifest abuse of discretion." *Jordan v. Jordan*, 14 A.3d 1136, 1146 (D.C. 2011) (internal alteration omitted). However, "the trial court's use of judicial discretion must be grounded upon correct legal principles," *id.* (internal quotation marks omitted), and

---

[5] Littman does not challenge the denial of her motions for contempt in this appeal.

a trial court's exercise of discretion premised on incorrect legal principles is an abuse of discretion, *see Johnson v. United States*, 398 A.2d 354, 365-67 (D.C. 1979); *accord*, *In re J.D.C.*, 594 A.2d 70, 75 (D.C. 1991) ("[A] trial court abuses its discretion when it rests its conclusions on incorrect legal standards."). Furthermore, "[w]e review a trial court's legal determinations *de novo*." *Jordan*, 14 A.3d at 1146. After reviewing the trial court's oral findings and written order, we agree with Littman that the trial court's decision to terminate her visitation rights was premised on a legal determination—namely, the trial court's determination that our decision in *Ruffin* foreclosed its authority to order third party custody over the objections of a parent—and we thus review that determination *de novo*. *Id.*

## B. Analysis

The Family Division of the Superior Court has jurisdiction over "actions seeking custody of minor children." D.C. Code § 11-1101 (a)(4) (2012 Repl.). Title 16, Chapter 8A of the District of Columbia Code governs proceedings in actions for third-party custody. Chapter 8A empowers a third party to "file a complaint for custody of a child or a motion to intervene in any existing action involving custody of the child" in various circumstances. D.C. Code § 16-831.02

(a)(1). Chapter 8A also empowers the Superior Court to enter orders granting custody to third parties, including granting sole legal and physical custody to the third party, joint legal and physical custody between the third party and a parent, or "[a]ny other custody arrangement the court determines is in the best interests of the child." D.C. Code § 16-831.04 (a).[6] In appropriate circumstances, the court may issue such an order even where a parent objects to third party custody. *See* D.C. Code §§ 16-831.05, -831.06, -831.07.

Notwithstanding this clear statutory grant of authority, the trial court relied on *Ruffin* to conclude that it lacked authority to order Cacho, as a parent, to allow Littman to visit with A.L. A careful reading of *Ruffin*, however, reveals that we made no such broad statement about the trial court's authority to grant third party visitation over parental objection. *Ruffin* involved a custody dispute ancillary to a divorce proceeding. As such, we noted "that the trial court's authority to award custody arrangements *pursuant to a divorce proceeding* is derived from statute, specifically D.C. Code § 11-1101 and §§ 16-911, -914 (2012 Repl.)." *Ruffin*, *supra*, 89 A.3d at 506 (emphasis added). *Ruffin*'s analysis of the trial court's (lack of) authority to order third party custody arrangements was thus clearly limited to

---

[6] Such an arrangement may include visitation, as "[t]he term 'physical custody' includes a child's . . . visitation schedule." D.C. Code § 16-831.01 (4).

the context of custody disputes ancillary to divorce proceedings arising under Chapter 9 of Title 16, *see id.* at 506-09, not custody disputes arising under Chapter 8A. Put another way, *Ruffin* stands only for the proposition that the trial court has no authority to order third party custody awards in a dispute governed by Chapter 9; nothing more. By contrast, the plain language of Chapter 8A vests authority in the trial court to order third party custody arrangements in disputes governed by Chapter 8A.[7]

This case began when Littman filed a complaint for custody over A.L. and her other grandchildren. As such, it is not governed by Chapter 9, but is instead governed by Chapter 8A. *Ruffin* is therefore clearly inapposite in the context of this case, and the trial court erred as a matter of law in relying on *Ruffin* to conclude, contrary to the plain language of Chapter 8A, that it lacked authority to grant Littman visitation with A.L. over Cacho's objection. Consequently, the trial

---

[7] Nor did *Ruffin* deal with the relationship of the "intervention" language of § 16-831.02 (a)(1) and an existing divorce proceeding in which child custody is an issue.

court abused its discretion when it terminated Littman's visitation in its Modification Order.[8] *See Jordan*, *supra*, 14 A.3d at 1146.

\* \* \* \*

For the foregoing reasons, we vacate the Modification Order and reinstate the July 2013 Custody Order.

*So ordered.*

---

[8] Because we so hold, we need not address Littman's alternative argument that the trial court's order terminating her visitation rights violated the Constitution's Ex Post Facto Clause. *See* U.S. CONST. art. I, § 9, cl. 3.