**Michael NEVIN and Patrick William Johnson, Plaintiffs,**

v.

**John J. FERDON, District Attorney of San Francisco County, and Albert K. Murray, Deputy District Attorney, Defendants.**

**No. C–75–2317 WHO.**

United States District Court, N. D. California.

March 31, 1976.

Jerrold M. Ladar, San Francisco, Cal., for plaintiffs.

Joseph Freitas, Jr., Dist. Atty., Frederick J. Whisman, Asst. Dist. Atty., Evelle J. Younger, Atty. Gen. of Cal., Jack R. Winkler, Chief Asst. Atty. Gen., John T. Murphy, Deputy Atty. Gen., San Francisco, Cal., for defendants.

## OPINION

Before KENNEDY, Circuit Judge, and EAST and ORRICK, District Judges.

PER CURIAM.

Plaintiffs in this action seek to enjoin a state criminal prosecution and further pray for a declaratory judgment that the statute underlying the criminal charge is unconstitutionally vague and overbroad on its face, and unconstitutional as applied in this case. Because no such relief can be granted unless the application is heard and determined by a district court of three judges,[1] a panel was duly convened pursuant to 28 U.S.C. § 2284.[2]

For the reasons hereinafter set forth, the Court holds that this action should be dismissed under the doctrine enunciated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).[3] Furthermore,

---

1. 28 U.S.C. § 2281 provides in pertinent part:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute * * * shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

This statute requires the formation of a three-judge court where the complaint seeks to enjoin the enforcement of a state criminal statute on grounds of unconstitutionality, even if the constitutional attack is upon the statute as applied. *Steffel v. Thompson,* 415 U.S. 452, 457 n. 7, 94 S.Ct. 1209, 1214, 39 L.Ed.2d 505, 513 (1974).

2. A three-judge court should be convened where the case presents a substantial constitutional question, there is some basis for granting injunctive relief, and the statute to be enjoined as unconstitutional has state-wide application. *See* Nielsen, *Three-Judge Courts: A Comprehensive Study* 66 F.R.D. 495, 500 (1975).

3. A court convened pursuant to 28 U.S.C. § 2281 must determine whether abstention is appropriate. *See,* Nielsen, *Three-Judge Courts: A Comprehensive Study,* 66 F.R.D. 495, 500,

"where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law," abstention is proper "in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication". *Harman v. Forssenius,* 380 U.S. 528, 534, 85 S.Ct. 1177, 1182, 14 L.Ed.2d 50, 55 (1965).

## I.

On October 30, 1975, a criminal complaint was filed in state court against Michael Nevin, one of the plaintiffs herein, charging Nevin with unlawfully and fraudulently voting in an election in violation of Section 14403 of the California Elections Code. Section 14403 of the California Elections Code provides in pertinent part that a person "not being entitled to vote, who fraudulently votes * * * is guilty of a felony". The basis of the criminal charge was the allegation that Nevin voted in the November, 1974, election in the City and County of San Francisco at a time when he resided in San Mateo County (Daly City, California). Nevin was arraigned on this charge on October 31, 1975.

■ Plaintiffs, Michael Nevin and William Patrick Johnson, initiated this federal action claiming an abridgement of various federal rights on November 3, 1975.[4] At the time state criminal charges were brought, plaintiff Nevin was employed as an inspector of police by the City and County of San Francisco and was a declared candidate for the elective office of Sheriff for the 1975 elections. Plaintiff Johnson is a resident of San Francisco and was Nevin's campaign manager. The gravamen of the complaint is that a state criminal prosecution based solely on an allegation that Nevin was not entitled to vote because he resided in Daly City when he voted in San Francisco unconstitutionally interferes with his right to vote, to hold property, and to travel.[5]

510 (1975). Since the abstention issue involves an exercise of discretion, it is properly decided by a three-judge panel, not by a single district judge. *Steffel v. Thompson,* 415 U.S. 452, 457 n. 7, 94 S.Ct. 1209, 1214, 39 L.Ed.2d 505, 513 (1974); *Jones v. Wade,* 497 F.2d 1176 (5th Cir. 1973); *see also,* Nielsen, *Three-Judge Courts: A Comprehensive Study, supra,* at 516.

The three-judge panel in this case convened on January 29, 1976, at which time arguments were heard only on the issue of abstention. The panel specifically refrained from hearing any arguments bearing on the merits of plaintiffs' constitutional claims.

4. The complaint alleges a violation of rights guaranteed under 42 U.S.C. §§ 1973, 1981 and 1983, the First Amendment and the Fourteenth Amendment. Jurisdiction is premised on 28 U.S.C. §§ 1357 and 2281–2284.

5. The only allegations in the complaint pertaining to plaintiff Patrick William Johnson aver that he is a resident of the City of San Francisco, that he served as Nevin's campaign manager in the 1975 election, and that he will do so in the future.

It is clear that plaintiff Johnson has no standing to maintain this action. The issue of standing is whether the litigant is entitled to have the court decide the merits of the dispute. This inquiry involves both constitutional limitations of federal court jurisdiction and prudential limitations on its exercise. The threshold question is whether the plaintiff has alleged such a distinct and palpable injury to himself as to warrant *his* invocation of federal court jurisdiction and to justify the exercise of the court's remedial powers on his behalf. *Warth v. Seldin,* 422 U.S. 490, 498–501, 95 S.Ct. 2197, 2205–2206, 45 L.Ed.2d 343, 354–356 (1975). Here, there is no actual, live controversy between plaintiff Johnson and the defendants since there is no allegation that he has been arrested, indicted, or threatened with prosecution under the penal statute attacked in this case. Therefore, he has no standing to bring the equitable jurisdiction of the federal court into play to enjoin a pending state prosecution; even if he alleged that the prosecution had a chilling effect on the exercise of his own constitutional rights, he would have no standing in this case. *Younger v. Harris,* 401 U.S. 37, 41–42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669, 673–674 (1971).

Nor has plaintiff Johnson demonstrated a genuine threat of enforcement of a disputed state criminal statute sufficient to warrant federal declaratory relief. *Steffel v. Thompson,* 415 U.S. 452, 475–476, 94 S.Ct. 1209, 1223–1224, 39 L.Ed.2d 505, 524 (1974) (concurring opinion by Stewart, J.); *see also, Younger v. Harris, supra,* 401 U.S. at 52, 91 S.Ct. at 754, 27 L.Ed.2d at 680; *Boyle v. Landry,* 401 U.S. 77, 80–81, 91 S.Ct. 758, 759–760, 27 L.Ed.2d 696, 699, (1971); *Zwickler v. Koota,* 389 U.S. 241, 244 n.3, 88 S.Ct. 391, 393, 19 L.Ed.2d 444, 447 (1967).

Nevin claims that he voted in San Francisco in the 1974 election pursuant to a valid voter registration obtained in 1965 at a time when he resided within the city. He further contends that he has voted in the same San Francisco precinct since 1965 and that he has never voted or sought to register elsewhere.

Nevin concedes that he purchased a home in Daly City, California, in 1970 and lived there with his family until December, 1974, at which time he and his family moved into San Francisco. He maintains, however, that he never intended to change his residency from San Francisco. He asserts that the mere fact that he owned and occupied a house in Daly City does not establish that he abandoned his San Francisco residency and was, therefore, not entitled to vote in San Francisco. Nevin points to various state court and administrative rulings declaring that residency for voting purposes is a matter of intent, regardless of whether a person physically "abides" in San Francisco. He contends that, in effect, he is being prosecuted because he was not physically present in the precinct where he registered and voted for some time prior to the election. Nevin claims that a prosecution based on such a requirement violates his constitutional rights.

Nevin further contends that the criminal prosecution was brought in bad faith in an effort to discredit his campaign for an elective office in the City and County of San Francisco. He alleges violations of his constitutional right of expression and the right to seek and hold elective office. He also asserts that the criminal statute which penalizes fraudulent voting by persons "not entitled to vote" is unconstitutionally vague and overbroad because it incorporates unclear definitions under state law regarding residency for voting purposes.

In the instant action, Nevin seeks an injunction against the state criminal prosecution and a declaration that Section 14403 of the California Elections Code is unconstitutional on its face and as applied to him.

## II.

It is unnecessary to reach the merits of Nevin's constitutional claims since under established doctrine this is not a proper case for the exercise of federal jurisdiction.

Under the principles enunciated in *Younger v. Harris, supra,* and *Samuels v. Mackell, supra,* a federal court should not interfere with a pending state criminal prosecution either through injunctive or declaratory relief absent a showing of extraordinary circumstances. To justify intervention, the district court must not only determine that the defendant will suffer irreparable harm, but that the state proceeding is motivated by a desire to harass or is conducted in bad faith or that the state criminal statute is patently or flagrantly unconstitutional. *cf. Huffman v. Pursue,* 420 U.S. 592, 611, 95 S.Ct. 1200, 1211, 43 L.Ed.2d 482, 496 (1975).

The Supreme Court has recently reaffirmed principles of *Younger* and *Samuels* in *Kugler v. Helfant,* 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975) and *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). Both *Kugler* and *Hicks* compel equitable restraint in the instant case.

*Kugler* reaffirmed that the policies of equity and comity as well as the principles of federalism require extraordinary circumstances before a federal court should interfere with the legitimate functioning of the state criminal justice system. This policy of equitable restraint is founded upon the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity to vindicate his federal rights. *Kugler v. Helfant, supra,* 421 U.S. at 124, 95 S.Ct. at 1530, 44 L.Ed.2d at 24. Under *Kugler,* federal intervention is only justified if there is a showing of bad faith or harassment by the state officials responsible for the prosecution, the state law to be applied in the criminal proceeding is flagrantly unconstitutional, or there exist some other "exceptional circumstances" in which the necessary elements of irreparable harm can be shown even in the absence of a

showing of bad faith or harassment. *Kugler v. Helfant, supra,* at 124–125, 95 S.Ct. at 1530–1531, 44 L.Ed.2d at 24.

The facts of *Kugler* indicate the deference that should be afforded to state proceedings. Plaintiff, Helfant, was a New Jersey Municipal Court judge charged in a state criminal prosecution with obstruction of justice and false swearing. The criminal charges grew out of Helfant's testimony before a state grand jury. Helfant alleged in his federal action for injunctive relief against the state prosecution that he was coerced into giving the grand jury testimony by a conspiracy of the state deputy attorney general and several members of the New Jersey Supreme Court, whose significant involvement in the case made it impossible for him to receive a fair trial in New Jersey courts.

The Supreme Court flatly rejected Helfant's contention that it was impossible for him to receive a fair trial in state court. The Court went on to say that the facts alleged did not bring the case within any exception to the *Younger* rule so as to warrant federal injunctive relief against the state proceedings. *Kugler v. Helfant, supra,* at 131, 95 S.Ct. at 1534, 44 L.Ed.2d at 28. The Court further noted that declaratory relief would likewise be inappropriate. *Kugler v. Helfant, supra,* at 131, 95 S.Ct. at 1534, 44 L.Ed.2d at 28.

In *Hicks v. Miranda, supra,* the Court held that a three-judge court should have abstained from enjoining state proceedings to prosecute persons under state obscenity laws. In addition to finding that *Younger* applied because there was a pending state prosecution, the Supreme Court also reversed the lower court's finding that the facts showed bad faith and harassment.

The district court had found that the pattern of seizures of allegedly obscene films indicated a desire by the state officials to effectively exorcise the film "Deep Throat" from the community. The lower court found bad faith and, therefore exercised federal jurisdiction. The Supreme Court found it improper to infer bad faith from the fact that state officials were acting under a law the three-judge panel happened to believe was unconstitutional.

### A.

In *Hicks,* the Court also dealt with the issue of when the determination should be made as to the existence of a pending state prosecution. The Court ruled that absent a clear showing that the appellee could not present his federal claims in state court, the requirements of *Younger* could not be avoided on the ground that no original state prosecution was pending against the parties on the date the federal action was filed. The Court said:

"* * * that where state criminal proceedings are begun against the federal plaintiff after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force." *Hicks v. Miranda, supra,* 422 U.S. at 349, 95 S.Ct. at 2292, 45 L.Ed.2d at 239.

In this case, the state criminal proceedings were initiated on October 30, 1975, the date the complaint was filed. The federal action was not filed until November 3, 1975. Therefore, there was a pending state prosecution at the time of the filing of the federal action.

However, on the same day that Nevin filed his federal action for injunctive and declaratory relief, he also sought to remove the state criminal prosecution against him to federal court. The state case was not finally remanded to state court until February 9, 1976.[6] Nevin argues that since the

---

**6.** Nevin first filed a petition for removal under the procedures of 28 U.S.C. § 1446 on November 3, 1975. An order remanding the state court action issued on November 5, 1975. On November 12, 1975, Nevin filed an amended petition for removal, basing his right to remove the state criminal prosecution to federal court on 28 U.S.C. § 1443(1). This section allows the removal of a state criminal prosecution against any person who is denied or cannot enforce in the state courts a right under any law providing for the equal civil rights of citizens of the United States. An order granting the defendant's motion to remand the criminal proceeding to state court issued on February 9, 1976. The order was based on the determination that

filing of the petition for removal deprives the state court of jurisdiction, there was no pending state prosecution at the time the three-judge panel heard arguments on January 29, 1976. Therefore, Nevin contends that *Younger* and *Samuels* are inapposite in the instant proceeding.

We disagree. The federal proceedings in the three-judge court were confined to arguments on the Court's jurisdiction and on the issue of abstention. The federal court did not hold any proceedings of substance on the merits of Nevin's constitutional claims prior to the order of remand of the prosecution to the state courts. We, therefore, hold that there is a pending state prosecution and that the principles of *Younger* and *Samuels* apply in full force in this case. *Hicks v. Miranda, supra,* 422 U.S. at 349, 95 S.Ct. at 2292, 45 L.Ed.2d at 239.

It bears emphasis that the state criminal prosecution was initiated before the federal action was filed. The mere fortuity that the three-judge panel convened at a time when the state action had not yet been remanded to state court cannot be employed by an ingenious state criminal defendant to avoid the doctrine of equitable restraint which limits our jurisdiction to intervene in a state court proceeding. Allowing a state criminal defendant to circumvent the doctrine by attempting to remove his criminal action coincidentally with the convening of a three-judge court contravenes the fundamental policy of federal restraint underlying *Younger* and *Samuels.*

Nevin had not met the stringent requirements for removal under Section 1443(1). *See, Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *City of Greenwood v. Peacock,* 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Johnson v. Mississippi,* 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975).

**7.** A subsequent affidavit submitted by Assistant District Attorney Albert K. Murray avers, on information and belief, that Nevin admitted at a news conference held during the 1975 campaign for Sheriff of San Francisco, in which he was a candidate, that he voted in San Francisco in 1974 while residing in San Mateo County. Murray further alleges, on informa-

**B.**

Nevin seeks to avoid the application of the *Younger* doctrine by alleging that the state prosecution was brought in bad faith for the purpose of harassment. However, the facts alleged do not support this claim.

It is not enough to show that the challenged state statute is being erroneously applied or that the prosecutor does not have sufficient evidence to sustain a conviction. To establish bad faith in this context, the plaintiff must demonstrate that the prosecution was brought without a reasonable expectation of obtaining a valid conviction and for the purpose of suppressing the exercise of federally protected rights. *Cameron v. Johnson,* 390 U.S. 611, 620–621, 88 S.Ct. 1335, 1340, 20 L.Ed.2d 182, 189–190 (1968); *see also, Kugler v. Helfant, supra,* 421 U.S. at 126, n. 6, 95 S.Ct. at 1531, 44 L.Ed.2d at 25; *Perez v. Ledesma,* 401 U.S. 82, 85, 91 S.Ct. 674, 676, 27 L.Ed.2d 701, 705 (1971).

The affidavit of San Francisco Assistant District Attorney Albert Murray, submitted to the Court, declares that the criminal complaint against Nevin was brought after a "critical evaluation of the facts in light of the existing law" after an investigation initiated "without coercion, collusion, conspiracy or political motivation." (Affidavit of Albert K. Murray, Assistant District Attorney for the City and County of San Francisco, filed November 20, 1975).[7]

To contradict the allegations of the state, and to prove bad faith, Nevin asserts that

tion and belief, that in 1972 Nevin had executed a form for his employer, the San Francisco Police Department, declaring that he was not a resident of San Francisco and that his residence address was in Daly City. Murray also states in his affidavit that he had personally examined certified copies of a homeowner tax exemption claimed by Nevin declaring that in 1974 the Daly City house was his principal place of residence. Murray finally states that official documents on file with the Registrar of Voters for San Francisco confirm that Nevin did in fact vote in San Francisco in the 1974 election. (Affidavit of Albert K. Murray, Assistant District Attorney for the City and County of San Francisco, filed January 21, 1976.)

the statute under which he is charged was selectively enforced against him to embarrass his political campaign. He points to the timing of the criminal prosecution and the alleged lack of investigation prior to the filing of the complaint as proof of improper motive. He contends that the issuance of a bench warrant and the prosecutor's alleged request for a monetary bail evidence a desire to harass. He also complains of other alleged dilatory tactics by the prosecutor.

Even taking all these allegations as true, Nevin has not established bad faith or harassment warranting federal intervention in a pending state criminal prosecution. *Hicks v. Miranda, supra; Kugler v. Helfant, supra; Cameron v. Johnson, supra.*

Nor has Nevin demonstrated that other extraordinary circumstances exist in this case justifying federal intervention. *Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), where the Supreme Court recognized that the state forum was self-interested and partial, is totally inapposite.

Therefore, we conclude that Nevin has not established that he falls within any exception to the principles of *Younger* and *Samuels* and that this Court must refrain from intervening in the state court proceeding.

### III.

■ A second and independent bar to the exercise of federal jurisdiction here is abstention required because of the uncertainty of the state law. Where the resolution of the federal constitutional issue is dependent on or may be materially altered by the determination of an uncertain issue of state law, abstention may be proper. *Harman v. Forssenius, supra.* Abstention is appropriate where the state statute is challenged on grounds of vagueness, when the unsettled issue of state law is principally concerned with the applicability of the challenged statute to certain persons or a defined course of conduct, and where a state court interpretation in a particular manner would eliminate the constitutional issue. *Baggett v. Bullitt,* 377 U.S. 360, 376–

377, 84 S.Ct. 1316, 1325, 12 L.Ed.2d 377, 388 (1964); *see also, Musser v. Utah,* 333 U.S. 95, 68 S.Ct. 397, 92 L.Ed. 562 (1948); *Harrison v. NAACP,* 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959); *Albertson v. Millard,* 345 U.S. 242, 73 S.Ct. 600, 97 L.Ed. 983 (1953).

■ Nevin argues that no conceivable construction of the state statutes can avoid his constitutional claim of vagueness and that deference to the state is, therefore, inappropriate. We disagree. Allowing the state the first opportunity to review the challenged statute might well present the federal questions in a different light or resolve them altogether. The state might determine that Nevin was a resident of San Francisco as defined by state law, or it might clarify the residency requirements and other voting requirements, thereby eliminating any possible vagueness claims. Accordingly, we hold that at this juncture it is appropriate for the federal court to abstain and defer to the state's interpretation of its own statute.

For the foregoing reasons this case is dismissed. Defendants will prepare and lodge a form of judgment approved as to form by plaintiff within ten days of the filing of this Opinion.